Charles Adolphe Low, Executor, etc., Respondent, *v.* Alice Low Harmony, Appellant, et al., Respondents.

The will of L. after various devises and bequests, among them a provision for A. a granddaughter, child of a deceased daughter, gave the testator's residuary estate to his wife and all his "living children" share and share alike. Specific directions were given for the investment and management of the portions of the testator's two daughters. In an action for a construction of the will; *held*, that the granddaughter was not included, and was not entitled to take as one of the "living children;" that the word "children" was used in its primary signification, and did not include the representatives of a deceased child.

The provision for A. was a direction to the executors to permanently invest $10,000, the interest or income thereof, to go to her support, with this further direction, "if she should die without issue then this sum shall be divided with my other heirs, or should she be married, then at her death she can will this sum to whom she please." *Held*, that A. took no interest in or title to the principal sum, but that the same was vested in the executor in trust for her, she having a conditional power of disposition of it; if not so disposed of, in case of her death, leaving children, the same to go to her children; if she have no children then that the same should be divided between the widow and children of the testator.

The will directed the portions of the two daughters of the testator to be invested and held in trust for them for life, and "should both or either die without heirs then their portion shall be given to my other children and wife or their heirs; or should they be married, they can at their death make such disposition of their interests as they may think proper." *Held*, that A. was included in the discription "my other children * * * or their heirs."

(Argued January 25, 1878; decided February 5, 1878.)

Appeal by defendant, Alice Low Harmony, from judgment of the General Term of the Supreme Court in the second judicial department, modifying a judgment entered upon a decision of the court at Special Term.

This action was brought by plaintiff, as executor of the will of Daniel Low, deceased, to obtain a construction of said will.

The testator died April 6, 1876, leaving him surviving his widow, two sons, two daughters, and two grandchildren, children of a deceased daughter, one of whom is the appellant.

The portions of the will having any relation to the questions presented here are as follows :

" Third. I devise that my executors invest, in good undoubted securities, ten thousand dollars, or retain this sum in securities, that I now have, and the interest of the same shall go towards the support of Alice Harmony, daughter of my late daughter Sarah Ann Harmony ; this sum is to be a permanent investment, and only the interest or income paid over to herself. If she should die without issue, then this sum shall be divided with my other heirs, or should she be married, then at her death she can will this sum to whom she pleases."

" Fifth. After the above legacies, I devise and bequeath all my personal and real estate, except hereinafter named, to my beloved wife, Evelina E. B. Low, and all my living children to share and share alike, referring more particularly to a marriage contract made with her fourth day of October, eighteen hundred and fifty (1850).

" I bequeath to her all my linen, plate, and such furniture as she may need for her use. I give to her also my watch. I give to my son Adolphe my library, allowing my wife to take such books as she may desire.

" Sixth. The portions of my estate coming to my daughters Evelyn T. and Adele T. shall be loaned on good bond and mortgage in the city of New York or Brooklyn, with undoubted titles of improved real estate, and the interest paid over to them for their support. If they should get married, my executors can let them have five thousand dollars out of the capital, if they think proper—my intention is that the investment shall be permanent, with the above exception. Should both or either die without heirs, then their portion shall be given to my other children and wife, or their heirs ; or should they be married, they can at their death make such disposition of their interest as they may think proper.

" I will here remark to my sons and daughters that I think it of the first importance that the daughters' portion

ought, in case they are married, be placed where they or their husbands can only use the interest on the same, and although the sum may be small, yet in case of misfortune, which all are liable to, and I have seen the value of such an arrangement."

By the marriage contract referred to in the sixth clause, the said Daniel Low agreed that if his wife survived him she should have such share of the real estate of which he should die seized, as she would take by the laws of the country where such real estate may be located, were she the daughter of said Daniel, and he died intestate, subject to certain qualifications and limitations in case she again married.

By the judgment of the General Term it was adjudged, among other things, as follows :

" That Alice L. Harmony takes no interest in and is invested with no estate in or title to the ten thousand dollars mentioned in the third clause of said will. The title to said ten thousand dollars being invested in the executor, in trust for said Alice L. Harmony, and the interest or income thereof to be paid over to her during her life. In case she shall marry, she may dispose of the said principal sum by will, as she may think proper. In case she shall not marry, or, having married, shall make no will, nor leave children, the said principal sum shall be distributed among the wife and children of the said testator. In case she shall die leaving children, and without a will, the said principal sum shall go to such children.

" And it is further adjudged and decreed that the said Alice L. Harmony is not included in the description ' all my living children,' in the fifth clause of said will, and takes no interest under the provisions thereof. And, also, that she is not included in the description ' my other children and wife, or. their heirs,' in the sixth clause of said will."

*Arthur Dudley Vinton* and *Perry Belmont*, for appellant. The words "living children," as used in the fifth clause of the will, are synonymous with the words "living

issue." (*Provost* v. *Calyer*, 62 N. Y., 550; *Prowitt* v. *Rodman*, 37 id., 42; *King* v. *Welling*, 1 Vent., 225; *Hughes* v. *Sayres*, 1 P. Wms., 534; *Parkman* v. *Bowdoin*, 1 Seemn., 369; *Wyld* v. *Lewis*, 1 Atk., 431; *Davie* v. *Stevens*, 1 Doug., 321; *Doe* v. *Perryn*, 3 T. R., 491; *Wood* v. *Baron*, 1 East, 484; *State* v. *Barter*, 2 B. & P., 485; *Hawley* v. *Northampton*, 8 Mass., 41; *Doe* v. *Webber*, 1 B. & Ald., 719; *Mellish* v. *Multish*, 2 B. & C.,   ; *Bradhurst* v. *Morris*, 2 B. & Adol., 1; *Doe* v. *Davis*, 24 Eng. C. L., 29.)   In the absence of any safe guide to a different conclusion a testator's words are to be taken in their primary signification. (*Earl Orford* v. *Churchell*, 3 V. & Bea., 68; *Hart* v. *Fulk*, 19 Eng. L. & Eq., 443; *Scott* v. *Guernsey*, 48 N. Y., 106; *Teed* v. *Morton*, 60 id., 505; *Provost* v. *Calyer*, 62 id., 550.)   The appellant being a descendant of the testator the presumption is in her favor. (48 N. Y., 106; 3 T. R., 83; 2 B. & P., 247; 23 Wend., 452; 3 Den., 458; *Doe* v. *Webber*, 1 B. & Ald., 713; *Parkman* v. *Bowdoin*, 1 Sumn., 368; *Prowitt* v. *Rodman*, 37 N. Y., 56.)

*A. Prentice, Wm. G. Low, Chas. H. Mundy* and *Oren F. Browning*, for respondents. The provision of the will for poor and vagrant children was void. (*McCaughal* v. *Ryan*, 27 Barb., 376; *Owen* v. *Mis. Soc.*, 14 N. Y., 380; *Beekman* v. *Bonsor*, 23 id., 298; *Williams* v. *Williams*, 8 id., 525; *Bascom* v. *Albertson*, 34 id., 584; *Levy* v. *Levy*, 33 id., 97.) The real estate, attempted to be devised by the fourth clause of the will, does not pass with the residuary estate under the fifth clause, but descends to the heirs of the testator. (*Van Kleeck* v. *Ministers, etc.*, 6 Paige, 600; 20 Wend., 457; *James* v. *James*, 4 Paige, 115; *Tucker* v. *Tucker*, 5 N. Y., 408.) A contrary rule prevails as to the persoal estate. (*Floyd* v. *Barker*, 1 Paige, 480.) There was an equitable conversion of the real estate into personalty. (*Morton* v. *Morton*, 8 Barb., 19; *Gowdey* v. *Campbell*, 6 Hun, 218; *Haxtun* v. *Corse*, 2 Barb. Ch., 506; *Meakings* v. *Cromwell*, 1 Seld., 136.) The testator's granddaughter Alice was

entitled, under the third clause of the will, to the income of $10,000 during her life, but took no estate or interest in the fund itself. (*Dumond* v. *Stringham*, 26 Barb., 110, 111; *Wright* v. *Trustees, etc.*, Hoffm. Ch., 202; *Norris* v. *Beyea*, 13 N. Y., 280; *Pinckney* v. *Pinckney*, 1 Bradf., 269; *Mowatt* v. *Carow*, 7 Paige, 328; *Marsh* v. *Hague*, 1 Edw. Ch., 174; *Stires* v. *Van Rensselaer*, 2 Bradf., 174.) This was not a case where the sale of the real estate was discretionary with the executor. (*Dodge* v. *Pond*, 23 N. Y., 69; *White* v. *Howard*, 46 id., 162; *Bramhall* v. *Ferris*, 14 id., 41; *Stagg* v. *Jackson*, 1 id., 206; *Meaking* v. *Cromwell*, 5 id., 136; *Gourley* v. *Campbell*, 13 Hun, 218.)

Rapallo, J. The infant defendant, Alice L. Harmony, is the only appellant, and the point most strenuously urged in her behalf by her guardian *ad litem* is that she is entitled, under the fifth clause of the will, to a share of the residuary estate of the testator. By that clause the testator gives his residuary, real and personal estate to his wife and all his living children, share and share alike, and refers to his marriage contract with his wife. By this contract he had agreed that if she survived him she should have such share of his real estate as she would be entitled to by the laws of the country where it might be located, were she a daughter of the testator and he died intestate, subject to certain qualifications and limitations in case of her marrying again.

The guardian *ad litem* contends that Miss Harmony, although a granddaughter of the testator, is entitled to take under the fifth clause as one of his living children, and he has cited numerous authorities to the effect that grandchildren may take under the denomination of children, where from the context it appears that such was the intention of the testator, and the guardian and his counsel have argued with much earnestness that that intention appears in the will in controversy here.

Upon this point we feel constrained to concur in the judgment of the Supreme Court. From an examination of the

whole will, we think it satisfactorily appears that the testa-tor, in the fifth clause, used the word " children " in its primary signification.   He had, in the third clause, made a provision for the support of the appellant to the amount of $10,000, describing her as the daughter of his *late* daughter Sarah Ann, and in the fifth clause he gives his residuary estate, after the payment of the legacies before given, to his wife and *living* children.   We think this language manifests an intention not to include the representatives of any deceased child.   If he had intended to include all his heirs in the residuary clause, and to give to the descendants of his deceased daughter an equal share in his residuary estate with his sur-viving children, and $10,000 in addition, he certainly would have used some words indicative of such an intention, and would not have employed the restrictive term " living chil-dren " in disposing of the residue.   The absence of any direction for the investment or management of any part of the residuary estate for the benefit of his granddaughter is also confirmatory of the view that he did not intend that she should share in it, when we look at the provisions made in the sixth clause for the protection of the female bene-ficiaries under the will, which provisions he declares to be of the first importance.   They would be quite as important for his granddaughter, who was of tender years, as for his daughters.   We also concur in the opinion and judgment that the $10,000, bequeathed for the benefit of the appel-lant, was intended to be held in trust for her and to be dis-posed of as declared in the judgment.

But in regard to the limitation over in the sixth clause of the shares of the daughters, in case of their dying without heirs (which must be construed as meaning without issue), we do not concur in the opinion and judgment at General Term that Miss Harmony is not included in the description " my other children and wife or their heirs," and conse-quently that she could not in any event take anything under that clause.   We think that under the sixth clause, in the event of the death of Evelyn T. and Adele F. Low, or either

of them, without leaving issue, or without being married, and disposing by will of the shares held in trust for them, Miss Harmony would be entitled to participate as an heir of one of the other children of the testator in the shares of the daughters so dying, or either of them. The bequest is to his " other children and wife or their heirs," which necessarily means the heirs of such of them as shall be dead. Miss Harmony is certainly an heir of one of the testator's " other children," and comes within the description, if construed literally. Had the fifth clause, instead of limiting the residue to the testator's wife and living children, given it to his wife and children or their heirs, there can be little question that the heirs of children dying before the testator would have been included. It is only by reference to the language of the fifth clause that the sixth was construed not to include such heirs. That construction is, therefore, based upon an implication of the testator's intention from the context, rather than upon the language of the sixth clause standing by itself.

The limitation in question is undoubtedly capable of the construction placed upon it at General Term, and a forcible argument may be made in its favor. But it is also capable of the construction we place upon it, and we have adopted it upon the principle that when the language of a limitation is capable of two constructions, one of which would operate to disinherit a lineal descendant of the testator, while the other will not produce that effect, the latter should be preferred. An intention to disinherit an heir, even a lineal descendant, when expressed in plain and unambiguous language, must be carried out ; but it will not be imputed to a testator by implication, nor when he uses language capable of a construction which will not so operate.

We have carefully examined the other points in the case, and are of opinion that, with the single exception just mentioned, they were all correctly decided at General Term, and that the judgment, after being modified accordingly, should be affirmed.

The costs of all parties in this court should be paid out of the estate.

·  All concur, except MILLER, J., absent.

Judgment accordingly.