PFENDER v. DEPEW et al.

(Supreme Court, Appellate Division, First Department. February 11, 1910.)

1. WILLS (§ 497*)—CONSTRUCTION—"CHILDREN."
The rule that the words "child" or "children" when used in a will, or other document, will be taken to refer to "issue" or descendants of the first degree, and to exclude descendants of a more remote degree, is not inflexible, as the term will be given a wider signification and include issue, however remote, when reason demands it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086; Dec. Dig. § 497.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

2. WILLS (§ 634*)—CONSTRUCTION—CONTINGENT REMAINDERS—VESTING OF ESTATE—SOURCE OF TITLE.
Testatrix bequeathed the residue of her property to trustees for the use of her two daughters in separate moieties during their lives, or so long as they remained unmarried, and directed that on the death or marriage of both of the daughters, or the survivor, the property should be divided among testatrix's other children surviving at the time; the child or children of any son or daughter who may have died before such contingency taking the share to which the parent if living would have been entitled. Held, that the will created a contingent remainder to vest in possession at the end of the trust term, and that those designated to take the estate took directly under the will, and not by representation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

3. WILLS (§ 497*)—CONSTRUCTION—"CHILDREN."
Testatrix bequeathed the residue of her estate in trust for the benefit of her two daughters in equal moieties so long as they lived and remained unmarried, with the right of survivorship, and provided that, on the death or marriage of both of the daughters, the trust fund should be equally divided among testatrix's children who may be surviving at the time; the child or children of any son or daughter who may have died before such contingency taking the share to which the parent if living would have been entitled. Held, that testatrix thereby intended to provide for her unmarried daughters so long as they remained unmarried, and, when they should both have died or married, to distribute the estate among those who at that time were her heirs at law, and hence the word "children" should be construed to include testatrix's great-grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1081; Dec. Dig. § 497.*]

Laughlin, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Eliza D. Pfender against Hannah L. Depew and others. From an interlocutory judgment confirming a referee's report, defendant Louise Patterson and others appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles S. Guggenheimer, for appellants.
Walter Large, for respondent.

SCOTT, J. This appeal presents the question which often recurs, and is frequently difficult to answer, whether or not the words "children" when used in a will should be construed in its primary sense or in a more general and comprehensive sense as the equivalent of "issue" or "descendants." The question arises in an action for partition, and relates to the will of one Hannah Depew.

Joseph Depew, husband of Hannah, died on or about August 26, 1856, seised of certain real property in the city of New York. He left surviving his widow, Hannah Depew, and sons and daughters. By his will he devised and bequeathed one-third of his estate to his widow, Hannah Depew, absolutely, and gave her the income of the remaining two-thirds for her life, with remainder over to his children and the issue of such as should have predeceased him. Hannah Depew died on or about July 20, 1876. She left one married daughter, the plain-tiff herein, two unmarried daughters, Laura A. and Hannah L. Depew, and several sons. She had also several grandchildren of tender age living at the time of her decease. Her will was dated December 31, 1874, and, after providing for the payment of her debts, made the following disposition of her estate:

"Third. After the payment of my debts and liabilities I direct my executors of this will to hold and invest a different moiety. or one half part, of all the rest and residue of my estate for the benefit of each of my two daughters Laura A. Depew and Hannah L. Depew, and to pay the interest, rents and income of the property so held and invested to the person for whose benefit it shall be invested once in six months, or oftener, during the natural life of the person for whose benefit that property shall be invested, provided she shall remain so long unmarried; and on her death or marriage the principal of the money and property above directed to be held and invested for her benefit is to be held and invested for the benefit of my other daughter above mentioned, in case she is still living and unmarried.

"Fourth. Upon the occurrence of the death or marriage of both of my said daughters above mentioned, I then direct that the principal part of my said estate so directed to be invested for their benefit, or the survivor of them, be divided equally among my other children who may be surviving at the time, the child or children of any son or daughter who may have died. before such contingency, taking the share to which the parent, if living, would have been entitled."

Laura A. Depew never married, and died April 30, 1903. Hannah L. Depew never married, and still survives. Since the death of Hannah Depew other grandchildren as well as great-grandchildren have come into being, and the question to be determined is whether these great-grandchildren are entitled to participate in the division of the estate when the trust estate shall terminate, and consequently whether their contingent interests must be provided for by the decree.

It is elementary law that, as a general rule, the words "child" or "children," when used in a will or other document, will be taken to refer to issue or descendant of the first degree, and to exclude descendants of a more remote degree. Low v. Harmony, 72 N. Y. 408; Palmer v. Horn, 84 N. Y. 516. The rule, however, is not inflexible, and there are many cases in which the word will be given a wider signification, and read as standing in a collective sense for grandchil-

dren or even more remote descendants. The subject was exhaustively treated in Prowitt v. Rodman, 37 N. Y. 42, wherein the Court of Appeals, after a careful review of many authorities, laid down the rule "that the term 'children' may include issue however remote, and will be held so to include whenever the reason of the thing demands it." In Matter of Brown. 93 N. Y. 295, the testator gave to each of his six daughters a life estate in one-tenth part of his estate, real and personal, with remainder over to their respective children, and the question presented was whether the remainder was intended to vest in all the children of each daughter, or whether it was contingent upon such children surviving their mother, so that issue of a son of one of testator's daughters who died before his mother was to be cut off from all participation in the remainder limited upon the life estate. The court found enough in the language of the will to let in the grandchildren of the life tenant, saying, per Rapallo, J.:

"If, however, this language is capable of any construction which would permit the issue of the deceased son to participate in the remainder limited upon his mother's life estate, that construction should on well-settled principles be adopted in preference to one which should exclude them."

In Matter of Paton, 111 N. Y. 480, 18 N. E. 625, the will submitted for construction provided that, upon the happening of a certain event, the property should be divided "equally among the children I may then have, or those who may be legally entitled thereto." The court realized that this clause was susceptible of two interpretations, one of which would exclude, and the other include grandchildren, and found no difficulty in adopting the latter interpretation, quoting with approval Judge Story's remark in Parkham v. Bowdoin, 1 Sumn. 368, Fed. Cas. No. 10,763, that:

"Although in its primary sense the word 'children' is a descriptio personarum who are to take, there is not the slightest difficulty in giving it the other sense, when the structure of the devise requires it."

The Court of Appeals, quoting from Kent (volume 4, p. 419n) that "children, as well as issue, may stand, in a collective sense, for grandchildren where the justice or reason of the case requires it," cites a large number of well-known authorities for the proposition that:

"The word 'children' is a flexible expression, and we think that meaning should be preferred, when the reason of the thing sustains it, which permits the children of a deceased child to inherit."

Where two interpretations of the word "children" are possible, the courts have been much disposed to adopt that one which will not serve to disinherit the heirs of the testator. Scott v. Guerney, 48 N. Y. 106–120; Matter of Keogh, 126 App. Div. 285–289, 110 N. Y. Supp. 868. In the present case the gift over is to take effect at the end of the trust term and is to the testatrix's other children, and to the child or children of any son or daughter who may have died "before such contingency"; that is, before the death or marriage of the last survivor of the two daughters for whom the trust was created. It is clear that this created a contingent remainder to vest in possession at the end of the trust term, and that those designated then to take the estate will take it directly under the will, and not by representation. The

testatrix was creating a trust which might run, as indeed it has, for a long time, and she clearly contemplated and undertook to provide for the probability that some of her own children might die before the expiration of the trust term, and that her married sons and daughters might have children, grandchildren to her, born after her death, but before the expiration of the trust, and it is clear that she intended to include among the ultimate beneficiaries such after-born grandchildren, if their parent, who was her son or daughter, should have died before the time for division and distribution arrived. She was careful to provide that the distribution should be made per stirpes, at least so far as concerned her own children and grandchildren, preserving so far as possible an equality between her own children who survived the trust and the families of those who did not survive. In all this we discern, without difficulty, a very simple testamentary design to provide for her unmarried daughters so long as they remained unmarried, and, when they should both have died or married, to distribute the estate among those who at that time would answer to the description of her heirs at law. To give effect to this testamentary scheme, it is necessary to include among those who may become entitled to share in the distribution of the estate, when the time comes to distribute it, the great-grandchildren of the testatrix. All the facts have been found by the referee in his report, and it will not therefore be necessary to send the case back for a new trial.

The interlocutory decree will therefore be modified in accordance with this opinion, with costs and disbursements to the guardian ad litem for the infant appellants.

Settle decree on notice.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.

LAUGHLIN, J. (dissenting). I do not agree with the construction given to the will by Mr. Justice SCOTT. A will should be so construed as not to disinherit heirs if the language used be susceptible of such construction. Scott et al. v. Guernsey et al., 48 N. Y. 106–121. In the case at bar, however, if the word "children" as employed by the testatrix in the will be construed in its primary sense, that will dispose of her property to those of her heirs who were in being and for whom she intended to make provision, and where, as here, there are children in the primary sense, the rule is that grandchildren are not included therein unless clear intention to embrace them be found in the will. Palmer et al. v. Horn et al., 84 N. Y. 516–521. I do not, however, agree with the contention made in behalf of the respondent that the provision in the fourth clause of the will that the child or children of any son or daughter who shall have died before the termination of the trust shall take the share which his, her, or their parent would have taken if living was entirely unnecessary and superfluous on any theory other than as indicating an intention on the part of the testatrix to confine the disposition of the remainder of the corpus of the trust to the children and grandchildren of the testatrix. The claim is made that, if the word "children" as used in that clause were intended to embrace grandchildren, it would have been entirely unnec-

essary to make the specific provision with respect to the share which the grandchildren would take. If the specific provision had not been made, and the word "children" included grandchildren, then the grandchildren would doubtless take per capita with children, but, under this provision of the will, they would only take per stirpes. I do, however, attach much importance to the phraseology of the fourth clause of the will as bearing upon the construction of the word "children" as therein used. It is perfectly clear that the testatrix intended to make provision out of this remainder for both children and grandchildren; but she did not intend to provide for all of her descendants, for she has expressly excluded by the words "other children" her two children, who are life beneficiaries of the trust and their issue. This indicates that she did not intend to make a devise by which this remainder should go to all of her descendants, to all of her children and grandchildren, but, on the contrary, it appears that she intended to limit her issue who should participate therein. The contingency upon which the remainder should vest in possession in the devisees of the testatrix has not arisen, for one of the life beneficiaries, Hannah L. Depew, is still alive and unmarried. The question arises in an action in partition as to who have contingent interests in the remainder of the trust property, and at the time we are called upon to decide the question appears that one of the "other children" of the testatrix—the plaintiff—is still alive, and she has both children and grandchildren living. Of course, if she survives the termination of the trust, neither her children nor her grandchildren will take, and at the present time her interest in the remainder is doubtless vested subject to be divested by her death before the termination of the trust. Stringer v. Young, 191 N. Y. 157, 83 N. E. 690. If, however, the plaintiff should die before the termination of the trust leaving her children and grandchildren now in being or some of them, the parent of her grandchildren being also alive, the question would arise as to whether the plaintiff's children living at the termination of the trust, if one of them as now should then have children living, would take to the exclusion of such grandchildren of the plaintiff who would be great-grandchildren of the testatrix. If the word "children" as used in this clause of the will is to be construed as embracing grandchildren, then there would be found in the provisions of the will itself nothing to exclude the grandchildren of the plaintiff from participating in the remainder with their parent as well as with their uncle and aunt. It may be said that no intention should be drawn from the will that the testatrix intended that her grandchildren and the issue of such grandchildren should at the same time inherit. But, if the word "children" extends to grandchildren and both parents and children are children, there would be no limitation in this provision of the will that the one shall only take in the right of the other. If great-grandchildren of the testatrix are to take, then we find no rule prescribed by her to determine the share which each shall take either as between themselves, or as between themselves and her other grandchildren and great-grandchildren. We find no provision indicating either that they shall take per capita or per stirpes. It is possible that the plaintiff and her son, who now has two children

living, may die before the termination of the trust, and that her two other children now living will survive its termination. In that event, if "children" includes grandchildren, it would seem, there being no provision that the grandchildren should take in the right of their parent or per stirpes, that the two grandchildren if they should survive the termination of the trust in the circumstances described would each take the same share in the remainder as would their uncle and aunt. It is not reasonable to attribute such an intention to the testatrix. I am of opinion that, if the testatrix intended that her great-grandchildren should participate in this remainder, express provision would have been made with respect to the share which they would take similar to that made in the fourth clause of the will, by which it is made clear that her intention was that the children of any of her deceased sons or daughters should take per stirpes, and not per capita. The construction for which appellants contend requires, not only that the word "children" be construed as embracing grandchildren, but also in order to make any reasonable disposition of the property that the word "parent" as used in the fourth clause of the will be construed in the case of grandchildren as having a dual meaning and referring both to their immediate parent and to their grand-parent, for children by the terms of the will only take in place of their parent which is clearly used as referring to the sons and daughters of the testatrix who shall die before the termination of the trust leaving issue, and yet, to prevent grandchildren from sharing per capita with children, it is necessary to construe "parent" as meaning the immediate ancestor of the grandchildren, and thus limit them to taking per stirpes. I find no evidence in the will to overcome the presumption that the testatrix intended to use the word "children" in other than its primary and ordinary sense. Pimel v. Betjemann, 183 N. Y. 194–200, 76 N. E. 157, 2 L. R. A. (N. S.) 580; Matter of Truslow et al., 140 N. Y. 599, 35 N. E. 955.

I think, therefore, that the appellants had no interest in the premises, and that the interlocutory judgment should be affirmed.