(87 Misc. Rep. 407)

### BARRY v. BARRY et al.

(Supreme Court, Equity Term, Erie County.   November, 1914.)

1. WILLS (§ 497*)—CONSTRUCTION—ISSUE OF DECEASED CHILD.
   While courts will lay hold of slight expressions as a ground for avoiding a construction of a will which excludes the issue of a deceased child from participating in a general family provision, there must be something in the instrument to justify the court in finding that the word "children" was intended by testator to receive an enlarged meaning.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086;  Dec. Dig. § 497.*]

2. WILLS (§ 497*)—CONSTRUCTION—"CHILD"—"CHILDREN."
   As a general rule the word "child" or "children," when used in a will or document, will be construed to refer to issue or descendants of the first degree, and to exclude descendants of a more remote degree.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086;  Dec. Dig. § 497.*
   For other definitions, see Words and Phrases, First and Second Series, Child;  Children.]

3. WILLS (§ 497*)—CONSTRUCTION—"CHILDREN."
   Testatrix, after bequeathing real property to each of her sons, declared that, in the event of the death of any of such sons before her decease, the share given to him should be given to his children, if any there be, and "if there are no children then such shall be equally divided among my surviving children." Held, that there was nothing in the will to indicate that testatrix used the word "children" in the clause quoted in the sense of issue or descendants, and that such term could not be construed to include grandchildren.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1080–1086;  Dec. Dig. § 497.*]

Action by Patrick Barry against Frances Barry and others.   Judgment in accordance with findings construing a will.

George B. Burd, of Buffalo, for plaintiff.
James T. Driscoll, of Buffalo, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J. This action is brought for the purpose of obtaining a construction of the last will and testament of Bridget Barry, deceased, and for a decree defining the rights of the parties in and to certain real estate described in the complaint. The testatrix left the following will:

I, Bridget Barry, a widow, of the city of Buffalo, in the county of Erie, and state of New York, being of sound mind and memory, do make, publish and declare this my last will and testament, in manner following, that is to say:

First: I direct that all my just debts and funeral expenses be paid.

Second: The premises known as 48 Ontario street, Buffalo, New York, being a lot 30 feet front on Ontario street and about 179 feet in depth containing one house, I give, devise and bequeath to my son, William Barry.

Third: The premises known as 52 Ontario street, Buffalo, New York, being a lot 30 feet front on Ontario street and about 179 feet in depth containing one house, I give, devise and bequeath to my son Edward Barry and his wife, Frances Barry. With the same I also give, devise and bequeath all household furniture and articles now in my house, 52 Ontario street, and which may belong to me at my decease.

Fourth: The premises known as 54 Ontario street, Buffalo, New York, being a lot 30 feet front on Ontario street and about 179 feet in depth containing one house, I give, devise and bequeath to my son, Patrick Barry.

Fifth: I give, devise and bequeath share and share alike to my three sons, William Barry, Patrick Barry and Edward Barry, a lot on Collaton street, Buffalo, New York, being sixty-six (66) feet front on Collaton street, and about 214 feet in depth.

Sixth: All the rest, residue and remainder of my estate, real or personal, I give, devise, and bequeath to my three sons, William Barry, Patrick Barry and Edward Barry, to share alike.

Seventh: In the event of the death of any of my said sons before my decease, the share of my estate given such son shall be given to his children if such there be. If there are no children then such shall be equally divided among my surviving children.

Lastly, I hereby appoint William Barry and Patrick Barry and Edward Barry executors of this my last will and testament; hereby revoking all former wills by me made.

In witness whereof, I have hereunto subscribed my name the 16th day of August, 1903.

her<br>
[Signed]     Bridget X Barry.<br>
mark

The intestate died June 12, 1912. The sons William and Edward Barry died prior to the death of their mother. William Barry appears to have died without issue. The son Edward Barry left him surviving two sons, William and Edward Barry, grandchildren of the testatrix, two of the defendants in this action. Frances Barry, the other defendant, is the widow of the deceased son Edward Barry. The question presented is whether the grandchildren, William and Edward, are entitled, by virtue of the seventh clause of the will, to a share in the real estate devised to the testatrix's son William Barry, who died before his mother. The defendants contend that the words "my surviving children," as used in the seventh clause, should be so construed as to include grandchildren.

[1] We are of the opinion that such a construction cannot be sustained. We are aware of the general rule that the courts will, with alacrity and satisfaction, lay hold of slight expressions as a ground for avoiding a construction or decision which excludes the issue of a

deceased child from participating in a general family provision. Wallace v. Diehl, 202 N. Y. 167, 95 N. E. 646, 33 L. R. A. (N. S.) 9; Matter of Paton, 111 N. Y. 480, 18 N. E. 625. There must, however, be something in the instrument to justify the court in finding that the word "children" was used by the testator in the enlarged meaning. The controlling consideration in the construction of wills is the real intention of the testator. When we study the instrument now before us for construction, we are unable to find anything in it which would lead us to adopt the meaning of the word "children" contended for by the defendants. We do find an express provision that:

"In the event of the death of any of my said sons before my decease, the share of my estate given such son shall be given to his children, if such there be."

It thus appears that the testatrix had in mind her grandchildren, and made provision for them in a certain event. When, therefore, she added immediately following the language quoted, this provision, to wit, "If there are no children, then such shall be equally divided among my surviving children," it seems plain she intended her own immediate children, as distinguished from her grandchildren.

[2] As a general rule, the words "child" or "children," when used in a will or document, will be taken to refer to issue or descendants of the first degree, and to exclude descendants of a more remote degree. Pfender v. Depew, 136 App. Div. 638, 121 N. Y. Supp. 285; Low v. Harmony, 72 N. Y. 408; Palmer v. Horn, 84 N. Y. 516. The general rule gives way to exceptional cases, where, from the context of the instrument, it may be gathered that an enlarged meaning was intended.

[3] We cannot, however, find anything in the context of the will of Bridget Barry which would justify us in construing the words "my surviving children" as including grandchildren. The case most analogous to that in hand is that of Low v. Harmony, 72 N. Y. 408, which fully sustains the views here expressed.

We therefore conclude that the defendants took and have no interest in the real estate in question, and the will should be construed accordingly. Let findings be drawn in accordance with these views.

The judgment should be without costs, but with a reasonable allowance to the guardian ad litem for the infant defendants.