■ SIDNEY S. WHELAN, JR., et al., Appellants, v. GREENWOOD CEMETERY, Respondent.— Judgment of the Supreme Court, Kings County, dated July 6, 1966, reversed, with $30 costs and disbursements; plaintiffs' motion for summary judgment granted; and action remanded to the Special Term for the making and entry of an appropriate judgment declaring rights in accordance with the views set forth herein. One Minnie Harder died on December 1, 1934 and her last will and testament was duly admitted to probate. The critical provision of the will, with respect to this action for a declaratory judgment, devised her large plot in Greenwood Cemetery to defendant, the Cemetery corporation, with the direction that her remains and those of her late husband be interred there; and further that "until the · limitation of interments is reached, the remains of my children and my stepchildren and their respective husbands or wives, and their children and their respective husbands or wives, may be interred in the said lot of land, and that interments in the said lot be restricted to the persons so designated". Plaintiffs seek to include in the class entitled to burial all descendants and stepdescendants and their respective spouses "until the limitation of interments is reached". Defendant argues that the will limits the class to first and second generation descendants and step-descendants and their respective spouses. It is undisputed that the plot, consisting of 3,024 square feet, contains a mausoleum, which accommodates 16 crypts, and surrounding land which accommodates 38 grave spaces, each of which can take 3 interments. Of the total 130 available burial places, only 9 are now filled. There are only 21 eligible persons in the class, as limited by defendant. For all practical purposes, that number cannot be enlarged, since the sole surviving child of the testatrix is a 75-year-old widow. Thus, 100 burial places will be wasted and unfilled if · defendant's and Special Term's interpretation be adopted. We find that the testatrix' plan was to provide a family burial resting place (see *Matter of McNeil*, 18 A D 2d 170; see, also, *Yome* v. *Gorman*, 242 N. Y. 395; *Cohen* v. *Congregation Shearith Israel*, 114 App. Div. 117). Justice and reason require that "children", as used in this instrument, be construed to include all direct line and stepdescendants "until the limitation of interments is reached" (*Prowitt* v. *Rodman*, 37 N. Y. 42; *Pfender* v. *Depew*, 136 App. Div. 636; *Matter of McNeil, supra*). That prefatory clause, inserted before the definition of the class to be entitled to burial, would be stripped of all meaning under the facts and circumstances of this case if the determination at Special Term be upheld. The authorities do not favor such excisional construction of instruments (*Matter of Buechner*, 226 N. Y. 440). Since the testatrix was so generous and liberal in including within the class to be benefited stepchildren and grandchildren and spouses of all children and grandchildren, both direct and step, we believe her plan and intention were not so restrictive and exclusive as to exclude those whom plaintiffs seek to benefit; otherwise, the prefatory clause was surplusage and devoid of all meaning. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.