In the Matter of the Accounting of MATILDA MULLER et al., as Executors of MAGDALENA SCHAUFELE, Deceased.

MATILDA MULLER, Appellant; GEORGE SCHAUFELE et al., Respondents.

(Submitted October 4, 1929; decided November 19, 1929.)

*B. Jay Saperstein* for appellant.   The clause in question, taken by itself, clearly shows the intention of the testatrix.   In construing this clause we should give the language used its natural and rational meaning.   The expression " such of my children as survive me " strictly limits the child or children who shall take to such child or children who shall survive the testatrix.   (*Holbrook* v. *Shepard*, 220 App. Div. 64; *Matter of Keogh*, 126 App. Div. 937; 193 N. Y. 602; *Matter of Truslow*, 140 N. Y. 603; *Pimel* v. *Betjemann*, 183 N. Y. 200.)

*Thomas J. Towers* for respondents.   The scheme of the will clears up the ambiguity of the phrase in question. (*Tilden* v. *Green*, 130 N. Y. 29; *Matter of Whiting*, 33 Misc. Rep. 274; *Phillips* v. *Davies*, 92 N. Y. 199; *Lathrop* v. *Lathrop*, 18 N. Y. Supp. 652; *Case* v. *Case*, 16 Misc. Rep. 393.)   The term " children " should be construed to include grandchildren.   (*Scott* v. *Guernsey*, 48 N. Y. 106; *Law* v. *Harman*, 72 N. Y. 414; *Tone's Will*, 174 N. Y. Supp. 391; *Prowitt* v. *Rodman*, 37 N. Y. 42.)

O'Brien, J. At the time of the execution of Magdalena Schaufele's will, the testatrix was the mother of a daughter, Matilda, a son, William, and the grandmother of a boy and a girl, children of her deceased son Frederick. These four descendants survived her. The will directed the division of all real property into three equal parts. One part, or its proceeds, was given absolutely to the daughter. The two other parts, or their proceeds, were given to trustees, one for the benefit of the son and the other for the benefit of the grandchildren. The will further provided that, in the event of the death of the son unmarried, his share should be paid over to " such of my children as survive me, or their issue, *per stirpes*." William died unmarried and the courts below have construed this clause of the will so as to give one-half of his share to the daughter and the other half to the grandchildren. This result was reached by including the word " grandchildren " within the word " children."

The language of the will displays a palpable error. The plural " children " could not express the intent of the testatrix, for she knew that, if William should die, not more than one child, the daughter, could survive her. She could have expressed the purpose, if she held it, that, in the event of her son's death, the only possible surviving child, Matilda, should take William's share. Her failure so to state constitutes a cause for the view shared by the Surrogate and the Appellate Division, but the majority of this court is of the opinion that that circumstance is not of sufficient weight to overbalance the rule that grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. The term can be so interpreted only when reason demands it. (4 Kent's Commentaries, 419; *Beebe* v. *Estabrook*, 79 N. Y. 246, 250; *Prowitt* v. *Rodman*, 37 N. Y. 41, 58.) Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes imme-

diate offspring, and to reveal a design to include descendants of a later generation. (*Matter of Truslow*, 140 N. Y. 599, 603; *Matter of Keogh*, 126 App. Div. 285, 287, 937; 193 N. Y. 603; *Pimel* v. *Betjemann*, 183 N. Y. 194, 200.) Nothing in the will, in addition to the incorrect use of the plural, can be found to show that this testatrix meant to employ the word in any sense except its ordinary meaning. Throughout this instrument she was careful to distinguish between her children and her grandchildren. In the fifth clause she twice referred to " my grandchildren, George and Anna," and in the sixth clause she specified " my said daughter or grandchildren." In the third clause she was mindful of possible issue of the son and of the daughter. Again in the fifth clause she made provision for William's possible issue and in the sixth clause she directed disposition in favor of the issue, if any, of her daughter and of her grandchildren. In the third clause her outright disposal of her personal property to her children, to the exclusion of her grandchildren, and in the fourth clause, her absolute devise of real property to Matilda, demonstrates a purpose to favor the daughter. By the fifth clause the devise in trust to the grandchildren tends to the conclusion that the testatrix did not wish them to receive outright any part of her estate. In the construction of this will, therefore, the reduction of the plural " children " to the singular "child" is more nearly in accord with our conception of the testamentary intent than would be the transformation of descendants of the second generation into immediate offspring.

The order of the Appellate Division should be reversed, without costs, and the proceeding remitted to the Surrogate's Court to proceed in accordance with this opinion.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Order reversed, etc.