In the Matter of the Estate of FANNIE HARRIS, Deceased.

Surrogate's Court, Kings County, October 30, 1930.

*Hutton & Holahan* [*George R. Holahan, Jr.*, of counsel], for the petitioner.

*Leo J. Hickey*, special guardian for Doris Ethel Harris, an infant.

WINGATE, S.   On November 19, 1903, this testatrix executed the will which has been admitted to probate and construction of which is here prayed.   At that time she had five living children. One month and four days prior to her death, one of her children, George, died, leaving an infant daughter, Doris Ethel Harris, whose rights in the estate form the basis for the present contest. At the time of testatrix's death, all her surviving children had reached majority.

With these pertinent facts in mind the controverted item of the will which is numbered " Second " may now be examined.

It devises and bequeaths the entire remainder to the executor in trust to divide into " as many equal parts as I may leave children me surviving, and to apply one of such parts to the support, maintenance and education of each one of said children." Broad authority over testatrix's real estate, including a mandatory power of sale, is given the executor. He is further directed " to invest the proceeds of such sale in such manner as to him shall seem best and to apply the income therefrom to the support of my children equally." Authority is given to lease the real estate pending the sale, to collect the rents and apply them similarly.

The first question is as to whether the gift for testatrix's surviving children should be held to include the grandchild, the daughter of the deceased son. The rule in this regard, as stated by the Court of Appeals in *Matter of Schaufele* (252 N. Y. 65, 67), is that " Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation."

In the will at bar there is no indication of the requisite " unmistakable intent " to the contrary, prerequisite to such a determination (*Beebe* v. *Estabrook*, 79 N. Y. 246, 250; *Prowitt* v. *Rodman*, 37 id. 42, 58; *Matter of Schaufele*, 252 id. 65, 67), wherefore it must be held that there is no direct bequest for the grandchild.

Neither can it be held that such grandchild takes by representation through the operation of section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384). A condition precedent to such effect is a testamentary gift to the child's father. Here, however, is a gift only to " children me surviving," which is plainly a gift to a class, the membership of which is determinable at testatrix's death. (*Matter of King*, 200 N. Y. 189, 193; *Matter of Kimberly*, 150 id. 90, 93; *Matter of Doherty*, 227 App. Div. 265, 267.) Since testatrix's son George was not living at her death, he was plainly not a surviving child and took no part of the bequest, in consequence of which nothing could pass to his child by representation under the provisions of section 29.

The will contains a mandatory power of sale and as a result there is an equitable conversion of the realty into personalty, and the entire fund must be treated as consisting of the latter. (*Matter of Tatum*, 169 N. Y. 514, 517; *Matter of Seymour*, 209 App. Div. 655, 658; affd., as to this point, 239 N. Y. 259, 264; *Thompson* v. *Hart*, 58 App. Div. 439, 448; affd., 169 N. Y. 571; *Harris* v. *Achilles*, 129 App. Div. 847, 850; *Matter of Gargiulo*, 138 Misc. 90.)

■■■■■■■■■■■■■■■■

While the will gives the income of the residuary estate for the benefit of testatrix's surviving children, no limitation of time is placed by her upon the payment of such income, and there is no mention of the principal except the direction " to apply one of such parts to the support, maintenance and education of each one of said children."

It is well-settled law that under such circumstances the bequest shall be held to vest the entire estate in the legatee. Thus it was said in *Hatch* v. *Bassett* (52 N. Y. 359, at p. 362): " A general gift of the income, arising from personal property, making no mention of the principal, is equivalent to a general gift of the property itself."

In *Jennings* v. *Conboy* (73 N. Y. 230), in the course of an extensive examination of applicable English precedents, the court said (at p. 236): " There is no limitation of time during which she is to receive the rents, and the proceeds of the real estate are not diverted from her after the sale. There is no indication in the will that the testator meant any one else should have the rents or the proceeds. It is just as clear that she was to have the one as the other. It is well settled that a devisee of the rent of land, without any qualification, is a devisee of the land."

In *Locke* v. *Farmers' Loan & Trust Co.* (140 N. Y. 135) the court approves and applies the rule of *Paterson* v. *Ellis* (11 Wend. 259, 298), that " a devise of the interest or of the rents and profits is a devise of the thing itself out of which that interest or those rents and profits may issue." And " Where the intention of the testator to give only the use, is clear, manifest and undisputed, the rule must yield to the stronger force of intention; but where it is doubtful whether the use only or the absolute ownership was intended to be given, the rule has been allowed to have a controlling effect."

The Appellate Division of this department said in *Matter of Ingersoll* (95 App. Div. 211, 212): " The testator directs that one-half of the rest, residue and remainder of his estate be held in trust, be invested, and that the income and so much of the principal as shall be deemed necessary be applied to the education, maintenance and support of his grandnieces and grandnephews. There is no other disposition of such moiety. I think that there is a gift of the principal of that one-half to the said beneficiaries."

The same court, in *Matter of Sackett* (201 App. Div. 58), approved and applied the language of the vice-chancellor in *Bishop* v. *McClelland* (44 N. J. Eq. 450) as follows: " There can be no doubt that a gift of the interest, income or produce of a fund, without limitation as to continuance, or without limit as to time, will, according to a settled rule of construction, be held to pass the fund itself, and this will be the effect given to a gift made in this

■

form, whether the gift be made directly to the legatee or through the intervention of a trustee."

It is apparent from these decisions that both the life interests and remainders of the trust funds directed to be erected by this testatrix became the absolute property of her surviving children. Since, from the language used, it is reasonably apparent that it was her intention that the trust powers should continue only during the minority of her children, they should now receive in possession the remainders of the parts of the residue set aside for them.

Enter decree, on notice, accordingly.