In the Matter of the Estate of BANNED FRIEND, Deceased.

Surrogate's Court, New York County, September 21, 1937.

374

*Kantrowitz, Esberg & Solins* for the trustee, Joshua Kantrowitz.

*Anton Gronich,* for the trustee Isidor Friend.

*Pfeiffer & Crames,* for Martha Simon.

*Edelman & Edelman,* for Dorothy Reiber, Hilda Matz and Irving Rogers (Ratkowsky), and Douglass Newman, Hilda Matz and Irving Rogers, as committee of Annie Ratkowsky, etc.

*William M. Silverman,* for Milton Rogers.

*Battle, Levy, Fowler & Neaman,* for Emma Friend and Celia Friend.

*Charles Kaufman,* for Abraham Grenthal.

*Livingston & Livingston,* for Harold Berman, general guardian of Janet Lizbeth Berman and Suzanne Rhoda Berman, infants.

FOLEY, S. Pursuant to the directions of the surrogate (*Matter of Friend,* N. Y. L. J. June 23, 1937), supplemental citation in the pending consolidated voluntary accounting proceeding was issued and served upon two infant great-grandchildren of the testator, Janet Lizbeth Berman and Suzanne Rhoda Berman, children of the testator's granddaughter, Estelle Berman. The status of these infants, as proper parties to the proceeding, was in dispute. Upon

the return of the supplemental citation, the general guardian of the infants appeared and filed an answer in their behalf putting in issue the construction of the will. He contends that his wards are interested as contingent remaindermen under the several trusts created by the will and are, therefore, necessary parties. The question of the status of the infants must necessarily be determined prior to the other phases of construction and issues raised in the proceeding. The determination of that question depends upon whether, as grandchildren of Martha Simon, the beneficiary of the trust under paragraph fourteenth, subdivision (b), they are included within the gift of the remainder to her " children." That subdivision creates a trust in one-fourth of the residuary estate for the life of Martha Simon, a daughter of the testator, and upon her death directs " my said executors to divide the principal thereof into as many equal parts as there are children of my said daughter, Martha Simon, her surviving, and 1 give, devise and bequeath one of such equal shares or parts to each of such children of my daughter, Martha Simon, her surviving, *per stirpes* and not *per capita*, equally share and share alike."

The word " grandchildren " or other term denoting more remote descendants is not used in the disposition of this remainder. Martha Simon has one child, Estelle Berman, the mother of the infants represented by the general guardian. If the word " children " as used in the foregoing paragraph is construed to include grandchildren, then the infants are interested equally with their mother, Estelle Berman, as remaindermen of the trusts. If, however, the word " children " is used in its primary signification, the infants have no interest in the estate whatsoever.

It has been uniformly held that where a testator writes or speaks of his children in general terms, he does not intend to include grandchildren. The word " children " is never interpreted to include grandchildren unless the will as a whole shows that unmistakable intent. (*Matter of Schaufele*, 252 N. Y. 65; *Matter of Pulis*, 220 id. 196; *Matter of King*, 217 id. 358; *Pimel* v. *Betjemann*, 183 id. 194.) Unless, therefore, that unmistakable intent can be found in the other expressions or provisions of the will of the testator here, it must be held that the word was employed in its primary and every day meaning to denote only the immediate offspring of Martha Simon.

An analysis of the other provisions of the will fails to disclose any indication of intention on the part of the testator to include the grandchildren or more remote descendants of his daughter, Martha Simon, as beneficiaries of his estate. Where he intended grandchildren to take, he used the word " grandchildren " or " issue,"

and where he meant " children " he employed the word " children." In subdivision (d) of the fourteenth paragraph he referred specifically to certain of his grandchildren. There he created a trust for the life of his daughter, Annie Ratkowsky, who at the time of the execution of the will had six children, and directed that upon her death the net income of the trust be applied " to the issue of his daughter, Annie Ratkowsky," until they severally arrived at the age of twenty-one years, and upon their arriving at that age, " to divide the said trust funds into as many equal shares as there are issue of my daughter, Annie Ratkowsky, her surviving, and to pay the principal of one of such equal shares * * * to the said child so arriving at the age of twenty-one years." He further provided as follows: " I specifically request the said Isidor Friend and Nathan Cohen to devote as much time to the welfare of my said *grandchildren*, the issue of said Annie Ratkowsky, as they possibly can. I hereby specially direct that the bequest to my daughter, Annie Ratkowsky, or to the issue, as the case may be, shall be absolutely free of any control of her husband, Abram Ratkowsky, who is also the *father of such issue*." (Italics mine.) In this paragraph the testator, by his reference to Abram Ratkowsky as the " father of such issue," himself clearly defined " issue," limiting it to his " grandchildren," the children of Annie Ratkowsky and her husband. He used the words " issue " and " grandchildren " synonymously. He even limited the class of " issue " to children of his daughter, to the exclusion of descendants of a more remote generation, ordinarily included within the term " issue."

In the identical trusts under subdivisions (a) and (c) of paragraph fourteenth, for the benefit of the testator's sons, Sol and Ike, similar language to that contained in the trust under subdivision (b) for his daughter, Martha Simon, is found directing that upon the death of the respective life tenants the principal be divided among their " children " them surviving. In each of the son's trusts the testator provided, however, that " should my said son * * * die without leaving issue him surviving," one-half of the principal of the trust fund was to revert to and form part of his residuary estate and the income of the other half was to be applied for the benefit of the son's widow for life or until she remarried, and upon the happening of either event to revert and become part of his residuary estate. The general guardian finds support for his contention that " children " was used in its broader and secondary sense, in the words " issue him surviving." In the light, however, of the positive identification by the testator in subdivision (d) of the paragraph of " issue " as a group comprising only the children of his daughter, Annie, it would be a far-fetched construc-

tion to hold that in referring to the " issue " of his sons, Sol and Ike, he intended to include other than their children or immediate offspring. Especially is this persuasive, when considered with the fact that at the time of the execution of the will both of his sons were advanced in years, were married but had no children.

It is further argued by the general guardian that the testator intended equality of distribution among his four children or their stock or root, and that as to the trust for Martha Simon the testator made no gift over of the principal in the event of her death without children; that in the latter case intestacy might result. These circumstances alone, however, are not sufficient to give a broader significance to the word " children " in the face of the plain context of the will. It should be noted in this connection that under subdivision (d) of paragraph fourteenth no gift over is made in the event of the death of any of the children of Annie Ratkowsky, for whom he specifically provided. Nor do the words " *per stirpes* and not *per capita*, equally share and share alike," show an intention to include other than the immediate offspring of the testator's children. The will in this respect is inartificially drawn. The words " *per stirpes* and not *per capita* " are irreconcilable with the words " share and share alike " and the former phrase must be disregarded. A similar result was reached by the Court of Appeals in *Matter of Schaufele* (252 N. Y. 65). In that case the testatrix directed a division of her real property into three parts. She gave one part outright to her daughter and the other two parts to trustees, one for the benefit of her son and the other for the benefit of her grandchildren. The will further provided that in the event of the death of her son, unmarried, his share should be paid over to " such of my children as survive me, or their issue, *per stirpes.*" The son died unmarried, and under a construction of the lower courts, onehalf of his share was given to the daughter and the other one-half to the grandchildren, on the theory that the word " children " included grandchildren. In reversing, Judge O'BRIEN wrote: " Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of the word which denotes immediate offspring and to reveal a design to include descendants of a later generation. (*Matter of Truslow*, 140 N. Y. 599, 603; *Matter of Keogh*, 126 App. Div. 285, 287, 937; 193 N. Y. 603; *Pimel* v. *Betjemann*, 183 N. Y. 194, 200.) Nothing in the will, in addition to the incorrect use of the plural, can be found to show that this testatrix meant to employ the word in any sense except its ordinary meaning. Throughout this instrument she was careful to distinguish between her children and her grandchildren."

The words " or their issue *per stirpes* " were evidently entirely disregarded by the Court of Appeals as having no effect upon the restricted interpretation of the word " children."

I am unable to find throughout the entire will that unmistakable intent, necessary under the authorities, to include grandchildren within the gift of the remainder to the " children " of Estelle Berman. I hold, therefore, that the grandchildren of Martha Simon have no interest whatsoever under the will and their appearance and answer by their general guardian must be stricken out.

Submit intermediate decree on notice accordingly construing the will and striking out the appearance and answer of the general guardian.