In the Matter of the Estate of MARTHA POTTER, Deceased.

Surrogate's Court, New York County, December 18, 1939.

*Harold Swain*, for the trustees.

*Osborn, Fleming & Whittlesey*, for Dorothy Potter Annin and others, as executors, etc., of Frederick Potter, deceased.

*John B. Doyle,* for Blanche Potter, individually.

*Wagner, Quillinan & Rifkind,* for Olin Potter Geer and others, beneficiaries under the last will and testament of Martha Potter, deceased.

*Edward J. Martin,* for Eleanor A. Potter Wadleigh, individually, and as executor, etc., of Orlando B. Potter, deceased.

*Breed, Abbott & Morgan,* for Helen Danforth Geer Coler.

*Smart & McAlpin,* for Eugene W. Potter and others, as executors, etc., of Margarethe P. McAlpin, deceased, and for Kenneth R. McAlpin, as general guardian for Helen Anne McAlpin, Dorothy McAlpin and Martha McAlpin.

*Alfred J. Callahan,* special guardian.

*Olin Potter Geer,* appearing specially for Olin Potter Geer, Walter Geer, Jr., and Joseph White Geer, as executors of and trustees under the will of Mary Geer, deceased.

FOLEY, S. A construction of the will is sought in this trustees' accounting. The trustees have also asked instructions as to the allocation of a dividend between principal and income. The special guardian representing infants having a possible interest in the remainder of the trust has filed objections to the account. The objections relate to the proper construction of the will.

The testatrix died on October 26, 1907, leaving a will executed on August 19, 1907. By the fifth paragraph of her will she created a trust to continue during the life or until the marriage of her sister, Blanche. She directed the distribution of the income during the continuance of the trust in the following language: " one-half of the income of my residuary estate, real and personal other than that referred to in the second clause of this my will shall be paid to my sister Blanche and one-quarter thereof to my sister Mary and one-quarter thereof to my brother Frederick, and I give, devise and bequeath said residuary estate to my executor during the life of my sister Blanche or until her marriage, in trust to hold the same and collect the rents, issues and profits thereof and to distribute the net income thereof as herein directed, and in case of the death of my said brother or my sister Mary, before the death or marriage of my sister Blanche, the share of said income so to be paid to them respectively shall be paid to their children, if they shall leave any then surviving, to be equally divided among them if more than one, but if either of them should die leaving no issue before the death, or marriage of my sister Blanche, then thereafter the income of said residue shall be equally divided between my said sister Blanche and the survivor of said brother and sister or the children of either

of them who may have died leaving children, such children to take the share which their parent would take if living."

The testatrix disposed of the remainder in the following language: " Upon the death of my said sister Blanche or upon her marriage or upon my death, in case she shall die before me, I give, devise and bequeath the said entire rest, residue and remainder of my estate, real and personal, to be divided equally between my brother Frederick and my sister Mary and my sister Blanche, if living, or the children of my sister Blanche, if she shall have died leaving any then surviving, such children to take collectively an equal share with my surviving brother or sister, and in case my said brother Frederick or my sister Mary shall have died leaving children then the children of the one so dying shall take the share which their parent would take, if living to be equally divided between them, if more than one; to have and to hold to my said brother and sisters or their children, their heirs and assigns forever; my will being that my brother and my two sisters or their survivors or their surviving children, if any, in case of the death of either or any of them before the time fixed for the distribution of my residuary estate, shall share equally *per stirpes* and not *per capita*, in the residue of my estate, provided always that until the death or marriage of my sister Blanche she shall receive as above provided, Fifteen thousand dollars and one-third of the residue of the income coming to me in money from said trust estate according to the terms of said agreement relating thereto, and after the expiration of said trust one-half of the income of my said residuary estate, until the distribution of said residue."

The testatrix was survived by her sisters Blanche Potter and Mary Geer and by her brother Frederick Potter. Blanche, the life tenant, is still living and is unmarried. At the date of the death of the testatrix Mary was married and had four children and Frederick was a widower with five children. No further children were born to Frederick and Mary after the date of the death of the testatrix. Frederick died in 1923 leaving his five children surviving. One of his five surviving children died in 1928 without issue. Another of his children died in 1933 survived by three children, all of whom are now infants. Mary Geer died in 1931 survived by four children, all of whom are still living.

Two questions are presented: (1) As to the nature of the interest of the children of Frederick and Mary in both principal and income as vested or contingent, and (2) whether grandchildren or issue of Frederick and Mary are included within the gift of principal and income to children.

The surviving children of Mary and Frederick and the representatives of the estates of the deceased children of Frederick contend that their interests in both principal and income vested in title on the deaths of their parents. It is their contention that the original gift to Frederick and Mary was contingent upon survivorship but the substitutional gift to the children of Frederick and Mary became indefeasibly vested on the death of each.

The special guardian contends that the substititional gift of principal and income as well as the primary gift is contingent upon survivorship. He contends further that his wards, the grandchildren of Frederick and Mary, are included within the gift of income and principal to children.

It is obvious that the testatrix primarily intended to benefit her sisters Blanche and Mary and her brother Frederick and the children of any one of them who might die during the continuation of the trust. The language employed by her to accomplish this intention requires analysis.

The primary gift of the income to the sisters and the brother is clear and definite. The substitutional gift of the income to children of a deceased brother and sister is in the form of a gift to a class. It is a gift to " children, if they shall leave any then surviving, * * * such children to take the share which their parent would take if living." The primary intention of the testatrix to benefit her brother and two sisters and their children includes an intention to confine the benefits under the will to those of her blood, to the exclusion of strangers. To effectuate this intention the testatrix made a substitutional gift of income to the children of her brother and sisters providing that such children should take the share their parent would take if living. Clearly the substitutional gift of income is one to a shifting class. The gift to each member of the class is contingent upon survivorship during the continuation of the trust. It is only by such a gift that the repeatedly expressed intention of the testatrix to benefit only her brother and sisters and their children could be accomplished. The testamentary plan of this decedent is very similar to that of the testator in my decision in *Matter of Pulitzer* (148 Misc. 116; affd., 241 App. Div. 858; affd., 265 N. Y. 522). There as here the gift of income was to a fluctuating class with a clearly expressed intent to confine the gift to those of the testator's blood. Under those circumstances, I held that the gift of income to the members of the class was contingent and not vested and that only living members of the class participated and the estates of those who had died were excluded.

The nature of the gift of the remainder here is a further indication of the intention of the testatrix to make a contingent gift of the

income so as to confine the beneficiaries to her blood relatives. The testatrix has expressed her intention in no uncertain terms to make a substitutional gift of the remainder to the children of her brother and sisters in the event of the death of any of them " before the time fixed for the distribution of my residuary estate." In the gift of the remainder the testatrix herself has fixed the time when the members of the class who share are to be determined. Under the mandate of the will it is only children of the brother and sisters living at the termination of the trust who are entitled to share in the remainder. (*Matter of Buechner*, 226 N. Y. 440.)

There remains for consideration the contention of the special guardian that grandchildren of the brother and sisters are included in the gifts of income and principal to " children." It is his contention that the words " issue " and " children " are used indiscriminately in this will and that the testator intended to make a gift to the " issue " of the brother and sisters. To overcome the primary rule that the word " children " is confined to descendants of the first degree the special guardian relies upon the language of the will whereby the testatrix made a substitutional gift of income in the event that her brother or her sisters should die " leaving no issue." In view of the repeated references in the will to children and surviving children this negative reference to death " without issue " appears to have been inadvertent and without significance. The testatrix has expressed her intention to benefit " children " in explicit terms. Her paramount intent is revealed in her statement — " my will being that my brother and my two sisters or their survivors or their surviving children, if any, in case of the death of either or any of them before the time fixed for the distribution of my residuary estate, shall share equally *per stirpes* and not *per capita*, in the residue of my estate." She has indicated no solicitude for " issue " or " grandchildren."

The word " children " is never interpreted to include " grandchildren " or " issue " unless the will as a whole shows an unmistakable intent to the contrary. (*Matter of Schaufele*, 252 N. Y. 65; *Matter of Pulis*, 220 id. 196; *Matter of King*, 217 id. 358; *Pimel* v. *Betjemann*, 183 id. 194; *Palmer* v. *Horn*, 84 id. 516; *Matter of Curtis*, 252 App. Div. 256; affd., 278 N. Y. 589; *Matter of Friend*, 164 Misc. 373; affd., 253 App. Div. 801.)

As the provisions of the will other than those providing for a gift to " children " indicate an intention to exclude rather than to include " issue " and " grandchildren " I hold that the gift of the remainder is confined to children of the brother and sisters living at the termination of the trust. (*Matter of Buechner, supra.*)

This determination of the question of construction necessarily involves the holding that the wards of the special guardian have no interest in this estate. His objections to the account are, therefore, dismissed. As no one has objected to the erroneous payment of income to the estates of the two deceased children of Frederick and no recoupment of these payments is sought the surrogate will make no ruling at the present time as to these payments. The proper method of distributing income in the future is now apparent to the trustees. No judicial approval of an incorrect distribution of income can be given in the future. If the parties entitled to the income wish to make a voluntary gift thereof to others that is their own concern.

The determination that the wards of the special guardian have no interest in this estate likewise disposes of the special guardian's contention as to the method of allocation of the dividend. As the capital value of the corporation does not appear to have been impaired by the declaration of the dividend the surrogate approves of the agreement of all interested parties that the dividend should be distributed as income.

Submit decree on notice construing the will and settling the account accordingly.