In the Matter of the Estate of JULIA RHINELANDER, Deceased.

Surrogate's Court, New York County, April 23, 1942.

*Bleakley, Platt & Walker,* for the petitioner.

*Gregory F. Noonan,* special guardian.

FOLEY, S. In this accounting proceeding the trustees seek a construction of the will to determine the disposition to be made of the principal of a trust which has terminated by reason of the death of the life beneficiary. The testatrix died on October 11, 1890. By the fifth paragraph of her will she disposed of her residuary estate by creating five separate trusts for the benefit of her four nephews and niece during their respective lives. The pertinent provisions of the fifth paragraph of the will read:

" Upon the death of either of my said nephews or of my said niece, *leaving issue him or her surviving,* the portion or part held to the use of the one so dying, shall be divided equally among *his or her children,* share and share alike,  *   *   *

" If either one of my said nephews or my said niece shall die *leaving no children* him or her surviving, then the share set apart and held for the one so dying, shall be equally divided among the *then living children of my other said nephews and of my niece,*  *   *   *.

"In the event that at the time of the death of either of my nephews, or of my niece, who are named as beneficiaries under this my will, neither my said niece, nor either of my said nephews *shall have any child or children*, nor any one of them upon their death shall have left any *child or children then surviving*, in such case, I give the monies and property held by my executors and trustees to the use of the nephew or niece so dying, to the *children of my cousin, Frederick W. Rhinelander*, to be equally divided between them, the issue of any deceased child to take the share the parent would have taken if living." (Italics mine.)

The trust created for the benefit of one of the nephews, Philip Rhinelander, terminated on his death on March 18, 1940. Philip Rhinelander was survived by one child, Adelaide K. Thomas, who in turn has an infant daughter, Adelaide Chaqueneau. He was also survived by two grandchildren, Phyllis M. and Helen M. Rhinelander, the infant children of a predeceased son, Philip K. Rhinelander. Adelaide K. Thomas as the only surviving child of the life beneficiary claims the entire principal of the fund. The special guardian for her infant daughter contends that the fund devolves to the descendants of the life beneficiary *per capita*, that is, one-quarter to the infant, one-quarter to the infant's mother, Adelaide K. Thomas, and one-quarter to each of the children of Philip K. Rhinelander, the predeceased son of the life beneficiary. The general guardian for the children of Philip K. Rhinelander contends that the principal of the fund is distributable *per stirpes*, one-quarter to each of his wards and one-half to Adelaide K. Thomas.

The question presented is whether or not in the gift of the remainder to the " children " of a nephew or niece the testatrix intended to include grandchildren or more remote descendants of the nephews and niece. An analysis of the other provisions of the will discloses a clear intent on the part of the testatrix to include the descendants of the nephews and niece as beneficiaries of the remainder. The finding of such an intent brings the case within the well-recognized exception to the rule that in the interpretation of the word " children " it is usually limited to its primary and everyday meaning. (*Matter of Schaufele*, 252 N. Y. 65; *Matter of Pulis*, 220 id. 196; *Matter of King*, 217 id. 358; *Pimel* v. *Betjemann*, 183 id. 194; *Matter of Friend*, 164 Misc. 373; affd., 253 App. Div. 801.)

The testatrix was unmarried and at the date of her death in 1890 her heirs were her brother, William Rhinelander, and her sisters, Serena Rhinelander and Mary R. Stewart. She had four nephews and one niece, the children of her brother, William Rhinelander, and the children of her sister, Mary R. Stewart. In dis-

posing of her residuary estate in five separate trusts for the benefit of her nephews and niece the testatrix described them in the fifth paragraph of the will as " all of them being lineal descendants of my father, William C. Rhinelander, deceased." Under her father's will this decedent had a limited power to appoint a trust fund to the father's " lineal descendants." It is apparent from the quoted description applied to the nephews and nieces that the testatrix intended to confine her estate to those related to her as descendants of her father.

That the testatrix in the gift of the remainders to the " children " of the nephews and niece used the term in its broader sense to denote descendants generally is clearly evident by the use of the word " issue " in the opening sentence of the above-quoted provision of the will. She provided that upon the death of a nephew or niece " leaving issue " the remainder was to be paid to the " children " of such nephew or niece. The word " children " was used synonymously with the word " issue." The latter term includes descendants in any degree. As stated by Judge CARDOZO, in *Matter of Farmers' Loan & Trust Co.* (213 N. Y. 168, 172): " The rule is that unless some other meaning is given to it by the context, the word issue is not confined to children, but includes descendants in any degree. (*Schmidt* v. *Jewett*, 195 N. Y. 486.) Another meaning will not readily be given if the result would be to divert the gift from the direct line of descent. Where there is a gift to a child or grandchild for life, and over on the death of such child or grandchild in default of issue, the courts have held it to be ' an unnatural construction which would exclude all but the immediate children of the first taker, in favor of the other branches of the family. The reasonable construction in such cases is that the gift over was intended to take effect only on the extinction of the line of descent from the first taker.' (*Soper* v. *Brown*, 136 N. Y. 244, 251.) "

It was only in the absence of descendants of her father that the decedent intended a gift over to the children or issue of her cousin, Frederick W. Rhinelander. To restrict the word " children " to its primary meaning would defeat the dominant purpose of the decedent to confine her estate to the descendants of her father. That intent is clearly demonstrated in respect of the two trusts still in existence. The life beneficiaries of these trusts each have a living child who in turn has issue. It is possible that either life beneficiary may die leaving grandchildren but no child or children of the other life beneficiaries. Thus the condition of a nephew or niece dying with issue surviving might be fulfilled, and yet the gift would fail for want of a taker. No such illogical result

should be imputed to the testatrix. I hold, therefore, that in the use of the term " children " the testatrix intended to include the descendants of the nephews and niece in any degree.

The additional question is presented as to whether the distribution to the descendants of Philip Rhinelander was to be *per capita* or *per stirpes*. If *per capita* Adelaide Chaqueneau would take one-quarter of the estate concurrently with her mother, Adelaide K. Thomas. " The presumption in this State favors a *per capita* distribution (*Schmidt* v. *Jewett, supra; Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125), but the presumption yields to ' a very faint glimpse of a different intention.' *(Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Vincent* v. *Newhouse*, 83 N. Y. 505, 513; *Bisson* v. *West Shore R. R. Co., supra.*)" *(Matter of Farmers' Loan & Trust Co., supra,* 173.)

The will here evidences an intent that the descendants of the nephews and niece were to take *per stirpes*. In providing for the gift over to the children of her cousin, Frederick W. Rhinelander, the testatrix provided, " the issue of any deceased child to take the share the parent would have taken if living." That statement was clearly a direction for a stirpital distribution among the descendants of the cousin. It is inconceivable that the testatrix in providing in the same paragraph of her will for the descendants of her nephews and niece, the principal objects of her bounty, intended a different or *per capita* distribution with its resulting discrimination. I hold, therefore, that the remainder of the trust created for the benefit of Philip Rhinelander is distributable to his descendants *per stirpes*, one-half to Adelaide K. Thomas and one-quarter to each of the two children of Philip K. Rhinelander, the predeceased son of the life beneficiary.

(Other directions included in the original decision of the surrogate are omitted because of their subordinate importance.)

Submit decree on notice construing the will and settling the account accordingly.