In the Matter of the Accounting of GAVIN BRACKINRIDGE et al., as Executors of JOHN C. BRACKINRIDGE, Deceased Trustee under the Will of WILLIAM HURRY, Deceased.

Surrogate's Court, New York County, November 16, 1948.

*Francis A. Booth* for executors, petitioners.

*George Starke,* special guardian for Noelle M. Cornwell and others, infants, and for unborn issue of Doris K. Butler and others, respondents.

COLLINS, S. In the second paragraph of his will the testator set up a parcel of real property in trust during the life of a granddaughter. He directed his trustees to pay the net income of the property in equal shares to nine named granddaughters and "if any of my nine granddaughters shall have died, then in equal shares to the survivors, and *the children* of any of said granddaughters, who shall have deceased, the *children* of any deceased granddaughter, to have the share the parent would have taken if living * * *." (Italics supplied.) Upon the termination of the trust the property is devised to the sur-

vivors " and to the children of any of my said granddaughters who shall have died the child or children of any deceased granddaughter to take the share the parent would have taken if living."

The granddaughter whose life measures the trust is still living. One of the granddaughters who has died left no *children* living at the time of her death but she was survived by a grandchild of hers, the infant daughter of a deceased son. The question propounded by the accounting parties is whether this infant has any interest in the income or principal of the trust.

The word " children " is interpreted as meaning immediate offspring and does not ordinarily include grandchildren or descendants of a later generation. (*Matter of Pulis,* 220 N. Y. 196, 204; *Matter of Schaufele,* 252 N. Y. 65.) The term can never be interpreted as including grandchildren unless the will as a whole shows an unmistakable intent to use the term in such broad sense. " Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation." (*Matter of Schaufele, supra,* p. 67.)

The argument made here is that the direction in the will that " the children of any deceased granddaughter [are] to have the share the parent would have taken if living ", reveals a design to substitute children in place of a deceased grandchild and inferentially to extend the representation *per stirpes* to descendants of any degree necessary for a stirpital distribution. Even if, removed from its context and read by itself, the quoted text could be made to bear this interpretation, yet when read in its setting in the whole will it becomes apparent that it was intended to mean that only immediate descendants in the first degree were to be substituted. In all other parts of the will the testator invariably used the term " children " in its primary sense to denote immediate offspring and employed the term " descendants " to signify more remote issue.

The will creates ten separate trusts in addition to the one set up in the second paragraph. These trusts consist of shares of the residue and are for the primary benefit of five daughters, a son, two grandsons and a granddaughter. In eight of them issue of a named child or grandchild may share in income or principal or both. In each instance in each of these trusts where such issue are to share, the testator has used the expression, " children and descendants of deceased children, the descendants of any

deceased child or children to take the share their parent would have taken, if living.'' The testator has thus made it clear that when he intended to benefit more remote descendants of a named ancestor, he expressed his purpose in apt and accurate terminology.

There is no basis for determining that the failure to use equally broad language in the second paragraph was due to any oversight or mistake on the part of the testator. In view of the care with which the elaborate testamentary plan was laid out in the will it would be more reasonable to infer that the choice of expression was deliberate. The trust under the second paragraph deals only with one parcel of property and names as primary beneficiaries only nine granddaughters, the children of four of the testator's daughters. These granddaughters and their issue have contingent interests in certain of the trusts as '' children and descendants of deceased children '' of the four daughters. What was given under the second paragraph was given not for the purpose of equalizing other gifts to those in the family but was an additional gift to these particular descendants. In dealing with this single property he thus selected only certain objects of his bounty, excluding his son, daughters and grandson and in language as precise as that which designated the primary beneficiaries he limited participation in this additional gift to the immediate descendants of the named beneficiaries and excluded other descendants. Neither reason nor authority would warrant the court in saying that by implication the descendants of a later generation are to share in this trust.

The court accordingly holds that Noelle Marie Cornwell, daughter of a deceased son of Caroline Seldon Mapes, has no interest in the trust created in the second paragraph of the will.

The compensation of the attorney for the petitioner is fixed and allowed in the amount requested.

After the special guardian has reported on all the matters set forth in the account and any questions raised in such report have been determined, a decree may be submitted on notice construing the will and settling the account accordingly.