In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of JOEL B. WOLFE, Deceased.

Surrogate's Court, New York County, April 30, 1951.

*E. Lacy Finnan* and *Charles M. Baudinet* for trustee, petitioner.

*Stowell & Glennon* for Joachim S. Westendarp, individually, as assignee of Annie D. K. Westendarp, deceased, and as alleged assignee of Carl Westendarp, respondent.

*Harold H. Levin,* special guardian for Rudolf U. Slattery, an infant, respondent.

*Howard Henig,* special guardian for Caroline E. Ritchie and another, infants, respondents.

*Emanuel Schwartz,* special guardian for Guy de Rougemont and others, infants, respondents.

FRANKENTHALER, S. The controversy in this proceeding is over the meaning of the word " children " as used by the testator. In paragraph Fifth of the will, testator directed the division of his residuary estate " into as many equal parts or shares as I may leave sisters me surviving except that in case, at the time of my death, either of my sisters shall have died leaving *issue* then living, the *issue* of such sister so having died, shall be counted as one in estimating the number of shares so to be made in such division." As to the shares so created, the testator directed his trustee " to set apart one of such shares in trust for each of my then living sisters, and one for the *issue* then living of each of my sisters respectively, if any, as shall then have died leaving *issue* then living; and * * * to apply the net income of such respective trust to the use and benefit of the one of my sisters respectively for whom such trust shall have been so set apart so long as she shall live; and upon her death to apply such net income to the use and benefit of her *children* surviving her, if

any, so long as her youngest *child* if any, living at my decease shall live, when such trust shall terminate; AND to apply the net income of such respective trust, if any, as shall have been as above directed, set apart in trust for the *issue* of any then deceased sister of mine to the equal use and benefit of such *issue* and the issue of any of them who may die during the continuance of such trust leaving issue living, in equal shares and proportions *per stirpes* and not *per capita* so long as the two youngest of such *children* of such deceased sister of mine living at the time of my death, shall live or if only one such *child,* then so long as he or she shall live and upon the death of the last survivor of such two *children* or if there be but one, then upon the death of such *child* such trust shall terminate.'' (Emphasis added.)

The testator further provided that upon termination of the several trusts, the principal of each shall be distributed to the '' issue '' of each sister with respect to whom or with respect to whose '' issue '' the trust was created.

Seven sisters of the testator, all of whom were living at the time of execution of the will, survived him, and, pursuant to the terms of the will separate trusts were erected for the benefit of each of them. Four of the trusts so erected have since terminated. As to the remaining three, the primary life tenant of each is now dead. The question before the court is the manner in which the income is to be distributed during the balance of the period of each remaining trust. The testator, having died a resident of Rhode Island, the court, of course, must be guided by the law of that State (*Dupuy* v. *Wurtz,* 53 N. Y. 556; *New York Life Ins. & Trust Co.* v. *Viele,* 161 N. Y. 11; *Matter of Dommerich,* 74 N. Y. S. 2d 283). Under that law, however, as in the case of New York, the primary rule of construction is that the testator's intention, once ascertained, must control (*Bliven* v. *Borden,* 56 R. I. 283; *Industrial Trust Co.* v. *Hall,* 66 R. I. 201; *Gaboriault* v. *Gaboriault,* 69 R. I. 245).

The trustee, which has distributed the income upon the basis of what it conceived to be the plain purport of the will, has treated the gift of income to '' children '' as one to classes composed of the first generation of descendants of each such sister. Children of the sisters having died, it has paid the income only to the remaining members of each class. It is contended, however, on behalf of the issue of deceased children that despite the use of the word '' children '', the testator did not intend to limit participation in income to them alone, but to provide, during the continuance of the trust, for its distribution to all descendants or issue, on a stirpital basis.

It is clear that in legal as well as colloquial usage the word "children" normally denotes a class consisting only of descendants of the first generation (*Williams* v. *Knight,* 18 R. I. 333; *Industrial Trust Co.* v. *Bennett,* 43 R. I. 355; *Matter of Pulis,* 220 N. Y. 196; *Matter of Schaufele,* 252 N. Y. 65). It is equally clear that if a testator has used the word "children" as a generic term for "offspring", the court may construe it to include more remote issue (*Tillinghast* v. *D'Wolf,* 8 R. I. 69; *Tillinghast* v. *Andrews,* 11 R. I. 84; *Crowell* v. *Rose,* 38 R. I. 93; *Rhode Island Hosp. Trust Co.* v. *Thomas,* 73 R. I. 277; *Prowitt* v. *Rodman,* 37 N. Y. 42; *Matter of Paton,* 111 N. Y. 480; *Pfender* v. *Depew,* 136 App. Div. 636; *Matter of Court,* 196 Misc. 286). In the last cited case, for example, this court said: "Ordinarily the word 'children' is given a meaning consonant with common usage, viz., issue of the first degree (*Palmer* v. *Horn,* 84 N. Y. 516; *Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Pulis,* 220 N. Y. 196; *Matter of Schaufele,* 252 N. Y. 65). That rule of construction, however, is not inflexible and the term 'children' may include issue however remote, and will be held to so include whenever the reason of the thing demands it. (*Prowitt* v. *Rodman,* 37 N. Y. 42, 58; see, also, *Mowatt* v. *Carow,* 7 Paige Ch. 328, 339)."

Generally, however, in those cases in which the word "children" has been found to include remote issue, it had been used alone, in a context from which it could be inferred that no single generation was contemplated but that the testator intended a stirpital or representative distribution to issue as a whole. Here the word "issue" itself was used in the same paragraph of the will, apparently in contrast thereto. Such close juxtaposition of the two words would appear to preclude any finding that one has a meaning equivalent to the other.

It is contended on behalf of the issue that "children" was used interchangeably with "issue" and as an alternative term of expression. It is said that the two types of trust here involved are of so similar a character that the testator could not have intended to provide so different a formula for distributing the income of each of them. The will as a whole, however, gives evidence of having been carefully drafted. Its structure indicates an intention on the part of the testator to create two distinct types of trusts, one for the family of sisters who may have predeceased him and one for the sisters and the families of sisters who shall have survived him, the testator carefully describing the beneficiaries in the first case as "issue" and in the second as "children".

That testator clearly intended such a separate mode of distribution in each case seems inescapable. The beneficiaries in the one type of trust were repeatedly referred to and described as " issue ", not only in the direction for the setting up of the trust but also in the crucial direction as to the disposition of income, where, as if to emphasize the meaning, it is provided that the income be applied for the benefit " of such issue and the issue of any of them who may die during the continuance of such trust leaving issue living, in equal share *per stirpes* and not *per capita* ". In the case of the other trusts, the ones here being construed, the income is to be applied for the benefit of " children surviving her, if any." That provision is simple and unadorned. The contrast with the former is striking and throws the meaning of each descriptive term into sharp relief, demonstrating that each was intended to be used in its ordinary and primary sense.

In support of the argument concerning interchangeability, *Matter of Rhinelander* (178 Misc. 495) has been cited. In that case, the testator had employed both the words " issue " and " children " in describing beneficiaries of the same trust; that the reference was in fact to the same class of persons was free of doubt. The court, examining the will, found a plan for representative distribution and concluded that testator had erroneously used " children " where " issue " had been intended. The case now before the court, however, involves separate and distinct trusts, with separate provisions as to each. The court cannot attribute to the testator herein the same lack of precision that was found in respect of the testator in the *Rhinelander* case.

It is further pointed out on behalf of the issue that in the latter part of the above-quoted text there is a passing reference to " issue " of predeceased sisters as " such children ". It is said that this is error, that testator meant " such issue ", and from this it is argued that all references throughout the will to " children " are also error, the testator having in all cases meant " issue ". Whatever may be said of this particular error, however, it cannot be used to overturn what has heretofore been shown to have been an otherwise carefully selected system of reference. The marked contrast hereinbefore noted, in the dispositive provisions constitutes clear proof that the error lies here alone and is not pervasive. More would be required to destroy a fully worked out pattern of distribution than a simple error of this kind, made only in a passing reference and not in the dispositive part of the will itself.

There is, however, a further difficulty with this contention and that is in the argument that the mistake or inadvertence lies in the use of " children " where " issue " was intended. If the court was not convinced that the distinction made throughout the dispositive portions of the will was purposeful and felt obliged to disregard express language in favor of a general plan and to choose the one word which expresses the real purpose of the testator, it would indeed be of the opinion that it was the gift to " issue " which was out of character and that both types of trust were intended only for the benefit of " children " of the testator's sisters. In paragraph Third of the will, the testator created a separate trust of the assets constituting his business and there provided that the income be applied " equally share and share alike to the use and benefit of such of my sisters as shall be living and to the use and benefit of the *children* of such of them as may die leaving *children* ", (the children to take by families and not as a single class). Unless it can be assumed that here also there was error and that " issue " was intended, the testamentary plan which emerges from the will is that the income benefits of the various trusts are to be received by children of the sisters alone. Indeed, the presence of this additional trust for " children " cuts away the very root of the argument that the dominant scheme of the entire will is stirpital. Temporary or income benefits, it seems, are generally for the two generations nearest the testator. Only upon ultimate distribution of principal are remote issue to participate. In paragraph Second, the life use of a dwelling house was given to a named sister, the proceeds of which, upon her death, were given to the testator's remaining sisters " and to and among the *issue* of such of them as shall then have died leaving *issue* then living in equal shares and proportions *per stirpes* and not *per capita*." In the same paragraph, a trust was created to provide for the upkeep of the said premises, the principal again being distributable to the sisters or their " issue ". That paragraph also contains a gift to the same named sister of the life use of testator's tangible personalty, with the remainder again passing to the sisters or their " issue ".

Thus only in the one case of trusts for the issue of predeceased sisters are issue mentioned as recipients of income. Principal alone is given to " issue ". However, none of the sisters of the testator predeceased him and as the question as to who the income beneficiaries of such trusts would have been cannot be presented for determination as such, the court cannot speculate

*in vacuo* upon the possibility of error in that single case. It is firmly convinced in any event that the word " children " as used in creating the only trusts with which this proceeding is concerned was intended to be used in its primary sense to mean only the descendants of the first degree.

The final argument which is made on behalf of the issue is, that, assuming *arguendo,* the gift of income is limited to " children ", those children of a sister who were living at the death of their mother took an indefeasibly vested interest in the share to which they were then entitled and upon the death of any of them prior to the termination of the trust such income passes to the estate of the one so dying, to be distributed to his legatees or distributees. In support of this argument, they refer to the portion of the above-quoted text in which the income is given to the children of any sister " surviving her." It does not follow, however, that one who " survives " any sister so dying is thereupon vested with an indefeasible right to retain such income and have it passed to his estate. The gift was not here made to intended life beneficiaries *nominatim* but to the members of a class. By the very nature of a class gift, membership therein at the time of distribution is an indispensable condition to participation in such distribution (*Darling* v. *Witherbee,* 36 R. I. 459; *Rhode Island Hosp. Trust Co.* v. *Proprietors of Swan Point Cemetery,* 62 R. I. 83, reargument granted 62 R. I. 141, affd. 63 R. I. 79; *Rhode Island Hosp. Trust Co.* v. *Thomas, supra*). Where, as here, the gift is one of *income,* to be paid from time to time, continued membership is a prerequisite to receipt of any periodic payment, unless the testator has manifested a contrary intention. In Scott on Trusts (Vol. 1) it is said at page 719: " Where the income is payable to the life beneficiaries as members of a class, and one member of the class dies before the time for the termination of the trust, the income is payable to the other members of the class until the time for the termination of the trust." (Citing, *inter alia, Loring* v. *Coolidge,* 99 Mass. 191; *Dove* v. *Johnson,* 141 Mass. 287; *Clarke* v. *Rathbone,* 221 Mass. 574, and *Camden Safe Deposit & Trust Co.* v. *Fricke,* 99 N. J. Eq. 506.)

It is also argued that the indefeasible character of the interest is shown in the fact that there is no gift over in the event of the death of any of the surviving children during the continuance of the trust, whereas in the case of trusts for issue of predeceased sisters the income is for " such issue and the issue of any of them who may die during the continuance of such trust leaving issue living * * * ". It appears to the court, how-

ever, that the purpose of the above-quoted language, if indeed there is a discoverable purpose other than in the fact of its being a familiar formula, was merely to emphasize the stirpital character of the gift in that case. Moreover, the absence of any gift over in the trust for " children " tends to support the conclusion that it is truly a gift to a class, in which the share of any person who dies before distribution is automatically given over, by operation of law, to those members who survive (*Darling* v. *Witherbee,* 36 R. I. 459, *supra; Rhode Island Hosp. Trust Co.* v. *Thomas,* 73 R. I. 277, *supra*).

The court holds that during the balance of the period of each trust here under consideration, the income received by the trustees is payable to the children of the sister for whose primary benefit each such trust was erected, the payments to be made to those persons answering the description of " children " at the time each payment is made.

The objection to the amount of annual principal and income commissions paid to the " advisory board " is sustained; the amount of those commissions will be recomputed in accordance with the formula specified in the objections of the special guardian.

The United States Government having vested in itself the interests of certain persons in this estate, the trustee is authorized to pay to the United States Attorney General, as successor in interest to the Alien Property Custodian, all funds otherwise payable to those persons.

Submit, on notice, decree construing the will and settling the account accordingly.