## SUPREME COURT.

### DANIEL C. KINGSLAND *et al.* agt. JANE MARIA LEONARD *et al.*

#### *Will — construction of.*

A., who died in 1844, leaving two sons and two daughters, by his will gave his residuary estate to his son B. and to his heirs; but in case B. should die without lawful issue, he gave it "to my remaining children, share and share alike." The other son died in 1859, leaving four children, the plaintiffs in this action. B., the residuary devisee, died in 1881, without issue:

*Held,* that plaintiffs are entitled to their father's one-third interest in the estate.

*Special Term, April,* 1883.

*Joseph H. Choate* for plaintiffs.

*Edward B. Merrill* and *N. Quackenbos,* for contesting defendant, Jane M. Leonard.

*Valentine Marsh,* for non-contesting defendants.

LARREMORE *J.*—After examination of the judgment-roll of *Leonard* agt. *Kingsland,* in the court of common pleas, I am satisfied that the plea of *res adjudicata* cannot prevail, and that the decision in this case must depend upon the construction of the following clauses of the will of Daniel Kingsland, the elder:

"All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath unto my son Daniel Kingsland and to his heirs; but in case my son Daniel should die without lawful issue, I give and bequeath it to my remaining children share and share alike."

The testator died April 18, 1844, leaving four children him surviving, viz.: Daniel Kingsland (the residuary devisee), Thorn S. Kingsland and two daughters, Mrs. Leonard and Mrs. Schuyler, two of the present defendants.

Thorn S. Kingsland died June 12, 1859, leaving him surviving four children, the plaintiffs in this action.

Daniel Kingsland, the residuary devisee, died September 30, 1881, without leaving lawful issue, leaving a will reaffirming the residuary clause contained in his father's will; and the question presented is, whether or not the children of Thorn S. Kingsland have succeeded in the right of their father to any interest in the residuary estate of Daniel Kingsland, the elder.

It was once aptly observed that "no will has a brother." Every instrument of this character must stand upon its own provisions and be interpreted in the light of its own intention.

Unquestionably grandchildren will not be included in a devise to children, which word must be understood in its primary sense unless a different intention be clearly expressed or may be fairly inferred from the instrument, taken as a whole (*Palmer* agt. *Thorn*, 84 *N. Y.*, 516).

At the time of his death, testator's remaining children, other than Daniel, were Thorn S., and his two daughters. There can be no doubt that they were the objects of his bounty if the defeasible fee vested in his son Daniel should terminate.

There is nothing in the context of the will to show that the term "remaining children" was used in a restricted sense as analogous to living or surviving children, which was the case in *Wylie* agt. *Lockwood* (86 *N. Y.*, 291).

The evident intention was that the residuary estate should be equally divided among all testator's children, if Daniel died without issue.

All of the testator's children were alive when he died, and by the third clause of his will he directs that in case his daughter Hannah Catherine (who was then unmarried) should die without issue, the legacy bequeathed to her should be equally divided among his other children, Jane Maria, Thorn S. and Daniel.

Suitable provisions are also made by the will for the sons of Thorn S., and there is no manifest intention that they should be ignored in the distribution of the estate (*Prowitt* agt. *Rodman*, 37 *N. Y.*, 42).

But if this view should be incorrect, the plaintiffs, as children of Thorn S., represent their father's interest in the estate. He was living when his father died, and had an expectant interest in the residuary estate, which was descendible, devisable and alienable (1 *R. S.*, 725, 773).

Such interest, though contingent during his life, vested absolutely upon the death of his brother Daniel without issue.

The case of *Miller* agt. *Emans* (19 *N. Y.*, 384) relates to a devise which took effect in 1810, prior to the adoption of the Revised Statutes, and is not in point.

The plaintiffs are entitled to judgment.