> A will created a trust in real estate, the income to be paid to the five children of testatrix during the lives of L. and H., with remainder in one-fifth of the trust fund to the heirs of each, with a provision that, on the death of any child during the trust, his share of the income should pass to his surviving "lawful children." *Held*, that where H. died, leaving a child, who also died, leaving children, such children were entitled during the trust to one-fifth of the income.

In the matter of the estate of Fredericka Bender.  Objection to accounts presented by trustee on settlement.  Objections overruled.

Joseph F. Stier, for trustee.
Robert L. Wensley, for guardian.
H. Aplington, for contestants.

THOMAS, S.. The trust created by the testatrix was limited as to its continuance to the lives of Louisa Deffaa and Henry Bender, two of her five children.  So long as they, or either of them, lived, the trustees were to "divide and pay over" the residue of the rents after the payment of certain specified charges and expenses to her five children, of whom Henry was one.  Henry died August 13, 1899, leaving a daughter, Christina Buhler, him surviving.  The sentence in the trust provision of the will then applicable was:

> "In case either of my said children shall die during the continuance of this trust, then I give his or her share of the net income of my estate to his or her lawful children, him or her surviving."

Treating the word "children" in its primary sense, Christina Buhler became on the death of her father, Henry Bender, the owner of one-fifth of the net income of the trust property, to have and to hold the same for the residue of the trust period, since no other limitation is placed on her right of enjoyment, and on her death this interest passed to her children as her heirs at law, the entire trust property being real estate.  Still treating the word "children" in its primary sense, and reading into the will an intent not expressed, to limit the gift of income to the child of Henry Bender for her life only, the share of Henry Bender in the trust income, for the period after the death of his daughter until the expiration of the trust term, is undisposed of by the will.  If this is so, such income belongs to the persons presumptively entitled to the next eventual estate.  Real Property Law (Laws 1896, p. 568, c. 547) § 53, 1 Rev. St. p. 726, pt. 2, c. 1, tit. 2, § 40.  These persons are the children of Christina Buhler, who are the heirs of Henry Bender, and are, as such, by the terms of the will, to take one-fifth of the corpus of the trust property at the end of the trust term.  The intention of the testatrix was to make a complete disposition of her estate, and not to be intestate as to any part of it.  She also intended that the descendants of her son Henry should stand in his place, and take

his interest in her estate, both during and at the end of the trust term.
If necessary to effectuate this intention, the word "children" should be
read as meaning "descendants." Each of these lines of reasoning will ·
lead to the same result, and will give to the infant grandchildren of
Henry Bender the right to one-fifth of the income. In an accounting
for income, since the death of Mrs. Buhler, a decree was made, without
objection, affirming this right. Without resting this decision on the
binding character of that decree on the precise issue now raised, I will
follow the principle on which it rests, and will overrule the.objection
to the items of payment to the Buhler infants contained in the account.

The will contains an express direction for the payment of commis-
sions and expenses for collecting rents, and the objections to the items
of payment for that purpose are overruled.

Decreed accordingly.