MATTER OF DAVIS. **233**

Misc. 233]    Surrogate's Court, St. Lawrence County, December, 1925.

In the Matter of the Estate of SAMUEL W. DAVIS, Deceased.

Surrogate's Court, St. Lawrence County, December 22, 1925.

Wills — construction — will devised property to wife for life and "from and after death of my wife" to sons and daughters of testator, share and share alike, children of deceased sons or daughters to take parents' share — gifts did not ultimately vest in remaindermen until after death of widow — on death of widow estate passed in equal shares to surviving child and to children and grandchildren of deceased children per stirpes.

Under a will devising property to the wife of the testator for life and providing that "from and after the death of my wife" the property should pass to the sons and daughters of the testator, share and share alike, the child or children of a deceased son or daughter to take the share which his or her parent would take if living, the gifts to the remaindermen did not vest until the death of the life tenant and, therefore, on the death of the life tenant, the principal passes in equal shares to the surviving child and to the children or grandchildren of deceased children *per stirpes*, for while the term "child" is not always construed to include grandchildren, still it was the apparent intent of the testator that the grandchildren of a deceased child should take the share of their grandparent.

PROCEEDING on the petition of Craig W. Burt for judicial settlement of his account as executor.

*George J. Moore*, for the executor.

*Frank L. Cubley*, for John W. Davis and others.

*H. E. Thompson*, special guardian, for Stephen W. Wadsworth.

CHANEY, S. This is a judicial settlement of the account of Craig W. Burt, as executor of the estate of Samuel W. Davis, and before a final decree and order of distribution can be made, it becomes necessary to construe the will of the testator.

Samuel W. Davis died in May, 1908, leaving him surviving his widow, Juliette M. Davis, and the following children: West Davis, John Davis, Fannie Lavery, Jessie Hamill and Lucy Stevens. West Davis died during the lifetime of Juliette, leaving four children, namely, Marian, Dorothy, Florence and John W. John Davis died during the lifetime of Juliette, leaving no children or descendants. Jessie Hamill died during the lifetime of Juliette, leaving a son, Gerald. Lucy Stevens is still living. Fannie Lavery died during the lifetime of Juliette; she left her surviving, a daughter, Clara Wadsworth, who also died during the lifetime of Juliette, but who left surviving her a son, Stephen W. Wadsworth, grandson of Fannie Lavery and great-grandson of the testator.

It is the contention of Marian, Dorothy, Florence and John W., through their attorney, that the estate now in the hands of the

executor should be divided into three parts and that Stephen W. Wadsworth is not entitled to a share therein.

The controversy arises over the following clause in the 2d paragraph of the will: " From and after the death of my wife, I give, devise and bequeath the same property to my sons West and John, and to my daughters Fannie, Jessie and Lucy, share and share alike, the child or children of a deceased son or daughter to take the share which his, her or their parent would have taken if living."

If the intention and scheme of the testator can be ascertained and accomplished, without violating statutes or rules of construction and interpretation as laid down in the decisions of our courts, it is my duty to do so.

Plainly the sentence under consideration does not constitute a gift to a class; on the contrary, it imparts a gift of one-fifth of the property disposed of in paragraph " second " to each of the five children named: West, John, Fannie and Lucy and Jessie. (*Matter of Myers*, 98 Misc. 108; *Matter of Faust*, 83 id. 250; *Carley* v. *Harper*, 166 App. Div. 473; affd., 219 N. Y. 295; *Matter of Russell*, 168 id. 169; *Moffett* v. *Elmendorf*, 82 Hun, 470; affd., 152 N. Y. 475; *Miller* v. *Gilbert*, 3 Misc. 43; affd., 144 N. Y. 68.)

It is not material whether it be determined that those gifts were vested or contingent. If vested they were not absolute but were subject to be divested, respectively, in the event that the child named did not survive the life tenant, or in the event that the child or children of any deceased child did not survive the life tenant. If contingent they were to become vested upon the death of the life tenant in the children named, or their child or children, respectively. Either determination produces the same result and carries out the intention of the testator that the gifts should not vest ultimately until the death of the life tenant. This is the intention of the testator as I interpret it from reading the will as a whole. The words " from and after the death of my said wife," as used in providing for said gifts, are important and give strong evidence of such plan.

Accordingly there is a gift of one-fifth of said property to the children of West Davis; there is a gift of one-fifth of said property to the son of Jessie Hamill; there is a gift of one-fifth of said property to Lucy Stevens. Those persons survived the life tenant. John Davis predeceased the life tenant, leaving no child, and consequently the gift of one-fifth part to him failed, the testator dying intestate as to that portion.

To determine the effect and result of the gift of one-fifth part to Fannie Lavery, the meaning and interpretation of the words

MATTER OF DAVIS. **235**

Misc. 233]    Surrogate's Court, St. Lawrence County, December, 1925.

" child or children of a deceased son or daughter to take the share which his, her or their parent would have taken if living," must be determined.

As a general rule the words " child " or " children " will be taken to refer to issue or descendants of the first degree only. (*Palmer* v. *Horn,* 84 N. Y. 516; *Low* v. *Harmony,* 72 id. 408.)

This rule, however, is not inflexible. It has been held otherwise where, as the court said, " the reason of the thing demands it." (*Prowitt* v. *Rodman,* 37 N. Y. 42.)

If the language of the will is capable of any construction which would permit the issue of a deceased son to participate in the remainder, that construction should be adopted. (*Matter of Brown,* 93 N. Y. 295.)

Although in its primary sense the word " child " is a *descriptio personarum* who are to take, there is not the slightest difficulty in giving it the other sense, when the structure of the devise requires it. (*Matter of Paton,* 111 N. Y. 480.)

Where two interpretations of the word " child " are possible, the courts have been much disposed to adopt that one which will not serve to disinherit the heirs of the testator. (*Scott* v. *Guernsey,* 48 N. Y. 106, 120; *Matter of Keogh,* 126 App. Div. 285.)

In *Pfender* v. *Depew* (136 App. Div. 636) the same reasoning and the same result prevail. The wording of the will in that case was almost identical with the one in question. There is a presumption that the testator did not intend to disinherit direct descendants, and that presumption prevails unless the will itself reveals a different intention or plan of distribution.

There seems to be in this case a very simple testamentary design to provide for the widow during her life, and on her death to distribute the property in question among those who at that time would be testator's heirs and next of kin; and to give effect to this testamentary plan it is necessary to include the grandson of Fannie Lavery.

Counsel for the children of West Davis has submitted a very complete and comprehensive memorandum in their behalf and has made as convincing an argument as it would seem possible to make under the circumstances. I have examined the cases cited in his memorandum, but I feel there is a distinction between all those cases and the one before me. In those cases the word " child " was construed to mean descendants of the first degree because the gifts were gifts to a class and only " children " answered the description of those to be benefited, or the will itself revealed a contrary intention on the part of the testator.

For the reasons above stated, I hold that the property now in

the hands of the executor, after payment of his commissions and the expenses of this proceeding, be distributed as follows: One-fourth part to the children of West Davis, one-fourth part each to Stephen Wadsworth, Gerald Hamill and Lucy Stevens.

Decree may be so made and entered.