In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of the County of New York, as Administrator C. T. A. of ROSE B. COURT, Deceased:

Surrogate's Court, New York County, August 15, 1949.

*Joseph A. Cox* for administrator *c. t. a.*, petitioner.

*Thomas W. Constable* for Frank E. Campbell, respondent.

FRANKENTHALER, S.  Testatrix gave certain cash legacies to each of her sisters (and one cousin) and other specific or residual legacies to each of her brothers.  In the gifts to all but one of the male members she provided " if he do [*sic*] not survive me, then to his children, share and share alike."  One of the brothers who predeceased the testatrix left him surviving no children, but three grandchildren, born of a child who died prior to both the legatee and the testatrix.  The court is asked to construe the word " children " and to determine whether it shall be held to include " grandchildren ".

Ordinarily the word " children " is given a meaning consonant with common usage, viz., issue of the first degree (*Palmer* v. *Horn,* 84 N. Y. 516; *Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Pulis,* 220 N. Y. 196; *Matter of Schaufele,* 252 N. Y. 65).  That rule of construction, however, is not inflexible and " the term ' children ' may include issue however remote, and will be held so to include whenever the reason of the thing demands it." (*Prowitt* v. *Rodman,* 37 N. Y. 42, 58; see, also, *Mowatt* v. *Carow,* 7 Paige Ch. 328, 339).

The court holds that in the context here presented the word " children " includes grandchildren. Where there is a total want of descendants of the first degree at the date of testator's death, the word " children " will be liberally construed to comprehend grandchildren in order to avoid a construction which would render a portion of the will inoperative (*Matter of Tone,* 186 App. Div. 361, affd 226 N. Y. 696; *Matter of Bender,* 44 Misc. 79; *Matter of Faust,* 83 Misc. 250; see, also *Gale* v. *Bennet,* 1 Amb. 682, 27 Eng. Rep. 442; *Fenn* v. *Death,* 23 Beav. 73, 53 Eng. Rep. 29; *Matter of Smith,* 35 Ch. D. 558). Similarly, such a construction will be made in order to avoid disinheritance of some family group related to the testator, where the head of such group is included, as here, in the testator's primary plan (*Scott* v. *Guernsey,* 48 N. Y. 106; *Matter of Paton,* 111 N. Y. 480; *Matter of Davis,* 126 Misc. 233; *Matter of Stecher,* 190 Misc. 502; see, also, *Marsh* v. *Hague,* 1 Edw. Ch. 174, and *Kingsland* v. *Leonard,* 65 How. Prac. 7).

The claim for funeral expenses is allowed in the sum of $575.10.

Submit, on notice, decree construing the will and settling the account accordingly.