In the Matter of the Construction of the Will of DANA A. BARNES, Deceased. DANA A. BARNES, JR., Respondent-Appellant; JOHN E. BARNES, JR., et al., Appellants-Respondents, and MERCHANTS NATIONAL BANK AND TRUST COMPANY et al., as Executors of METTA B. E. BARNES, Deceased, Respondents.

Third Department, July 7, 1955.

*Raymond F. Loucks,* special guardian for Susanne E. Barnes and another, appellants-respondents.

*Philip T. Seymour* and *Benjamin E. Shove* for John E. Barnes, Jr., and another, appellants-respondents.

*Richard M. Walker* for Faye E. Barnes, individually and as administratrix of the estate of John E. Barnes, deceased, appellant-respondent.

*Lawson Barnes* for Merchants National Bank and Trust Company and another, as executors, respondents.

*H. Duane Bruce* and *Phillip T. Young* for Dana A. Barnes, Jr., respondent-appellant.

*Per Curiam.* Appeals by appellants-respondents from that portion of the decree of the Surrogate's Court of Schenectady County (Campbell, S.) which construes the will of Dana A. Barnes, Sr., deceased. Cross appeal by petitioner-respondent-appellant from those parts of the decree relating to allowances of a special guardian's fee and counsel fees and expenses.

When the testator executed his will in 1903, he was married and the father of two sons, Dana, Jr., six years of age, and John, two years of age. The testator died a resident of Schenectady in 1910 survived by his widow and two sons. His real estate consisted of an undivided one-half interest in a Syracuse business block which has remained unsold. One son, John, died in 1949, survived by a widow and four children, John, Jr., Marilyn, Susanne and Dana III. The testator's widow died in 1951. The testator's other son, Dana, Jr., survives.

The portions of the will necessary for a consideration of this construction proceeding are:

" Second: All the real estate of which I may die seized and possessed I give, devise and bequeath unto my said wife Metta B. E. Barnes, in trust, for the following uses and purposes, to wit: To receive, as Trustee, all the rents, issues and profits thereof, and out of such rents, issues and profits to use so much as in her judgment may be necessary for her own maintenance and support, and for the support, education and maintenance of our children, she to act also as sole Executrix of this my Will, and as such Executrix to have the right to sell and convey any and all of my real estate, and to apply so much of the proceeds thereof to her own support, and to the support and education of our children, as in her judgment may be necessary for that purpose in case the income thereof shall not be fully sufficient therefor. Whatever may remain of my real estate at the date of the death of my wife, or whatever may then remain of the proceeds thereof, in case said real estate shall be sold, shall, at the date of the death of my wife, pass to and become the property of my then surviving children in equal shares.

" Third: I give unto my said wife, who will be named as the Executrix of this my Will, the right and discretion, in the exer-

cise of her best judgment, to loan to either of my said children, upon arriving at majority, a sum of money which shall in no event exceed the share of said estate to which said child would be entitled at the date of the death of my said wife, for the purpose of enabling said child to engage in such business pursuit as he may choose, she, however, to take from the child so borrowing proper and adequate security for the payment of said loan, and such security, and the loan so made shall, in case the same be not paid at the time of the death of my said wife, be a lien upon the share and interest of the one of said children to whom said loan shall be made, and shall be deducted from the share or interest to which said child would be otherwise entitled.

'' Fourth: It is my intention that any property which shall remain unexpended at the death of my wife, and shall be then a part of my estate, shall be equally divided between my surviving children.''

In construing the will, the Surrogate held that title to the testator's real property vested on the death of the testator's widow in 1951 in Dana, Jr., the only son then living. (*Matter of Barnes,* 126 N. Y. S. 2d 83.) The children of John, the son who had died in 1949, claim that the word '' children '' in paragraph '' Second '' of the will should be construed to include them — children of the testator's child who died after the testator but before the death of the testator's widow. In our opinion, there is nothing in the will which shows that the testator meant to employ the word '' children '' to include grandchildren. In *Matter of Schaufele* (252 N. Y. 65) it was stated at pages 67 and 68: '' grandchildren are never interpreted as children unless the will as a whole shows that unmistakable intent. * * * Before such a construction is justifiable, other expressions or clauses in the will must be found tending to contradict the use of a word which denotes immediate offspring, and to reveal a design to include descendants of a later generation.''

The widow of testator's son John, individually and as administratrix of his estate, urges that the will should be interpreted as vesting the testator's entire residuary estate in his two sons as of the date of his death, with only the enjoyment thereof deferred until the death of the testator's widow and that the estate of the testator's deceased son should be declared to be entitled to half of what remains of testator's estate. The children of John join with such contention only if their '' grandchildren '' theory is not sustained. However, we believe the testator has manifested a clear intent to postpone vesting until his widow's death. The phrase in paragraph '' Second '' read-

ing, " Whatever may remain of my real estate *at the date of the death of my wife* \* \* \* shall, *at the date of the death of my wife,* pass to and become the property of my *then surviving children* in equal shares " sets forth an explicit survival condition. (Emphasis supplied.) The testator used the word " then " as an abbreviation of the phrase " at the date of the death of my wife." He specified plainly that the remainder would pass or vest only " at the date of the death of my wife ". We do not view paragraphs " Third " and " Fourth " of the will as qualifying the clearly expressed survival condition contained in paragraph " Second ".

The executors of the will of Metta B. E. Barnes, deceased, and the administratrix of the estate of the deceased son, John, were brought into this matter by issuance of supplemental citations. Through attorneys, the representatives of those two estates participated in all of the proceedings relating to the construction of the testator's will. The petitioner objects to any allowance of counsel fees and expenses to them. Section 278 of the Surrogate's Court Act provides: " When the decree is made in a proceeding to construe a will, \* \* \* the surrogate may, in his discretion, allow to \* \* \* any party to said proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding ". We believe that it was within the province of the Surrogate to make an allowance to the representatives of the two estates mentioned. We have considered the amounts awarded to the representatives of the two estates, to the two adult children of the deceased son, John, and to the special guardian of his two minor children. We do not find that the allowances exceed permissible limits.

The decree should be affirmed, with costs to each party filing a brief, payable out of the estate.

Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.

Decree affirmed, with costs to each party filing a brief, payable out of the estate. [See *post,* p. 980.]