Joseph A. Cox, S.
Testatrix, after a cash legacy to a great-niece and various specific bequests of jewelry to nieces and a granddaughter, divided the rest of her jewelry between two granddaughters who were at the date of the will her only *588 grandchildren. She then gave her residuary estate in trust with income payable to her son during his life and upon his death to his wife and upon the death of both directed “ the principal to be paid over to any children surviving them, but in case no children survive him, or his wife, I will and direct that the said property be distributed between the children of my nephew, B. F. Graves”. The court is asked to construe the word “children” to determine whether it shall be held to include grandchildren and great-grandchildren. The question is presented because the income beneficiaries left surviving only one child with an infant daughter (their grandchild) and another grandchild with two infant sons (their great-grandchildren), the issue of their only other child who was living at the date of the will but predeceased the last of the income beneficiaries to die.
The only surviving child contends that as such she is entitled to the entire residue. .
The daughter of the deceased child contends that she is entitled to a one-half share of the remainder and argues for stirpital distribution.
The special guardian for the infant granddaughter and the infant great-grandsons contends that they are entitled to share in the remainder and argues for a per capita distribution.
Ordinarily the word “ children ” is understood to mean issue of the first degree but the word may in a collective sense include issue however remote where the justice or reason of the case requires it and there is something in the will to show that the word was used in a broader sense (Matter of Schaufele, 252 N. Y. 65; Matter of Barnes, 286 App. Div. 346; Matter of Court, 196 Misc. 286).
If the word “children ” is construed literally the daughter of the deceased child will receive nothing and the living child will receive the entire residue. It is well established that where two interpretations of the word “ children ” are possible the courts have been much disposed to adopt that one which will not serve to disinherit the heirs of the testator (Scott v. Guernsey, 48 N. Y. 106, 120; Matter of Keogh, 126 App. Div. 285, 289; Matter of Brown, 93 N. Y. 295).
By paragraph “ Sixth ” of the will testatrix divided the bulk of her jewelry equally between her two granddaughters, naming them. At the date of the will they were her only grandchildren. In the paragraph now under construction however testatrix sought to provide not only for the grandchildren living at the date of the execution of the will but for “ any children surviving them ” meaning by them the life tenants. She realized that *589 the life tenants might have additional children and the gift was made not to their children because they were known to testatrix but as descendants of the life tenants. To construe the language as providing other than a stirpital distribution to the descendants of the life tenants would mean that if both children of the life tenants died leaving children but no other brothers or sisters the remainder would go to collaterals to the exclusion of her direct issue. The presumption is that she did not intend to disinherit her descendants (Matter of Stecher, 190 Misc. 502; Matter of Blodgett, 250 App. Div. 324; Matter of Harrison, 190 Misc. 215).
The language of the will shows an intent to have an equal per stirpital distribution of the remainder to the descendants of the life tenants. Such a finding negatives the argument for a per capita distribution made by the special guardian.
The remainder is therefore to be divided equally between the surviving daughter and the daughter of the deceased child of the life tenants.
Submit decree on notice.