In the Matter of the Accounting of BANK OF NEW YORK, as Trustee under the Will of MARGARET E. VILLALONGA, Deceased, Respondent. AMY V. WHITTEMORE, Appellant; JANE T. MANN et al., Respondents.

First Department, March 25, 1958.

*Milton Sargoy* of counsel (*Thomas M. Aron* with him on the brief; *Hays, St. John, Abramson & Heilbron,* attorneys), for appellant.

*Alexander R. Hamilton* of counsel (*Burke & Burke,* attorneys), for Jane T. Mann, respondent.

*Harry Suchman* of counsel (*Hyman Bravin* with him on the brief), for Donald C. Mann and others, respondents.

STEVENS, J. This is an appeal from a decree construing the will of the decedent so as to include grandchildren within the definition of " children " in the gift of a remainder. The will was executed in 1923.

The will, after making several bequests, including a provision for a division of " the rest of my jewelry " equally between the two granddaughters of the testatrix (paragraph SIXTH), contains the following language: " SEVENTH: I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, wheresoever the same may be found, to my executors, hereinafter named, in trust, however, to keep

the same invested, and pay over the net income thereof to my son John L. Villalonga, during his life and upon his death the income to go to his wife, Constance C. Villalonga, and upon the death of both my son, John L. Villalonga, and his wife, I direct the principal to be paid over to *any children* surviving them, *but in case no children survive him,* or his wife, I will and direct that the said property be distributed between the children of my nephew, R. F. Graves.''

The testatrix died in 1925. John L. Villalonga died February 25, 1930, and John's wife Constance died on November 17, 1954. John and Constance Villalonga had two children, Amy and Jane, the granddaughters referred to in paragraph SIXTH of the will. Jane died in 1934, surviving her father, but predeceasing her mother, leaving one daughter now known at Jane T. Mann.

The trust is now terminated and the appellant, Amy Villalonga Whittemore, the grandchild of the testatrix, asserts that she is entitled to receive the entire corpus of the now terminated residuary trust to the exclusion of Jane T. Mann, the great grandchild of the testatrix.

The learned Surrogate referred to the general rule as expressed in *Matter of Schaufele* (252 N. Y. 65) and other cases cited in the opinion. '' Children '' both in legal phraseology and popular usage is commonly understood to refer to descendants in the first degree. Where the word is employed in a will as a designation of the objects of the testator's bounty, it is to be accepted in this sense in the absence of anything in the context of the instrument or the surrounding circumstances to show an intention to the contrary. (*Palmer* v. *Horn,* 84 N. Y. 516; Restatement, Law of Property, § 285; *Matter of Keogh,* 126 App. Div. 285, 287.) Since there was no testimony of the circumstances surrounding the execution of the will our conclusion must be predicated upon our own analysis of the context of the instrument.

Is there then anything in the context of the instrument to show a contrary intent? I think there is. The testatrix provided that there should be a gift over to the children of her nephew on failure of children of her son and daughter-in-law. This '' is a factor which tends to establish that the conveyor has used ' children ' to denote ' descendants ' since a conveyor is seldom likely to intend the gift over to be effective if the designated parent dies survived by descendants but not survived by children.'' (Restatement, Law of Property, § 285, Comment *f.*) Under such a circumstance '' the presumption is

in favor of the first taker's posterity to his remoter descendants in preference to the donee over ". (*Prowitt* v. *Rodman*, 37 N. Y. 42, 58.) To exclude all but the immediate children of the first taker in favor of other branches of the family would be to impose an unnatural construction and would not be in harmony with the general intent of the testatrix, with justice or the reason of the case. The direct descendants would be the natural objects of the bounty of the testatrix and the care with which she referred to children evinces an intent to protect such descendants.

The reasonable construction is that the gift over was intended to take effect only on the extinction of the line of descent from the first taker. (*Soper* v. *Brown*, 136 N. Y. 244, 251.)

" [I]t is a settled rule that where a will is capable of two constructions, one of which would exclude the issue of a deceased child, and the other permit such issue to participate in a remainder limited upon a life estate given to the ancestor, the latter should be adopted." (*Soper* v. *Brown*, *supra*, pp. 251–252.)

The Surrogate correctly decided " The language of the will shows an intent to have an equal per stirpital distribution of the remainder to the descendants of the life tenants." (6 Misc 2d 587, 589.)

The decree should be affirmed, with costs to all parties filing briefs payable out of the estate.

BREITEL, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Decree so far as appealed from unanimously affirmed, with costs to all parties appearing and filing briefs, payable out of the estate.