S. Samuel Di Falco, S.
In the two proceedings brought by the trustees to settle their accounts as trustees of the trusts created under the testator’s will for the benefit of his granddaughter, Mary Helen Gilpin, a construction is sought as to the meaning and intent of the testator in his use of the word “ children
In article First of his will, the testator created a trust for the life of his wife and provided that upon her death one tenth of the trust was to be held in trust for the life of his granddaughter, Mary Helen Gilpin. Upon her death the testator stated ‘ ‘ I give and bequeath the said one part to her children and in case she leaves no Descendants ”. In article Second of his will the testator created another trust of one tenth of his residuary estate for the life of his granddaughter, Mary Helen Gilpin, using the following language: “I give and bequeath
to the Union Trust Co., of New York the shares of my Grandchildren Mary and Angelica and direct my said Trustees to keep the same invested for and during the natural lifes of each • of my said Granddaughters and to pay over the net income thereof to each of my said Granddaughters and at the death of my said Grandchildren I give and bequeath the shares of each to their respective children and in case either or both of them leaves no children, the share or shares is to revert to my estate.”
Throughout the will the testator used the words “ children ” and “ descendants ” interchangeably. Under article Second of his will the testator established several trusts. After creating a trust for his daughter, Susan for life, he provided upon her death for distribution of the remainder ‘ ‘ to the children of my said daughter and in case she leaves no children or descendants ”. With reference to a trust created for the life of his daughter, Laura, he provided for distribution upon her death “ to her children and in case she dies without leaving children or descendants ’ ’. Under 'article First, trusts for the benefit of the same persons were created and in each instance the testator in disposing of the remainders used similar language, “ in case she leaves no children or descendants.” Mary Helen Gilpin died on March 16, 1958. She left her surviving one daughter, grandchildren who are the children of deceased children and several great grandchildren.
Ordinarily the word “ children ” is understood to mean issue of the first degree. The testator by his use of the word “ children ’ ’ interchangeably with the word ‘ ‘ descendants ’ ’ indicated that his use of the word was to be construed in its broadest sense, so as to include grandchildren and great grandchildren *998 (Matter of Schaufele, 252 N. Y. 65; Matter of Pulis, 220 N. Y. 196; Matter of Farmer’s Loan & Trust Co., 213 N. Y. 168.; Matter of Barnes, 286 App. Div. 346; Matter of Villalonga, 6 Misc 2d 587).
As the testator herein died in 1893 long before the enactment of section 47-a of the Decedent Estate Law, it is urged by the special guardians that the common-law doctrine favors the presumption of an equal per capita distribution among all the descendants of Mary Helen Gilpin in whatever degree of consanguinity (Soper v. Brown, 136 N. Y. 244; Petry v. Petry, 186 App. Div. 738, affd. 227 N. Y. 621). However, equally well defined in the decisions is the rule that this presumption will yield to “ ‘ a very faint glimpse of a different intention.’” (Ferrer v. Pyne, 81 N. Y. 281, 284; Vincent v. Newhouse, 83 N. Y. 505; Matter of Farmer’s Loan & Trust Co., supra; Matter of Good, 96 N. Y. S. 2d 798, affd. 278 App. Div. 806, .affd. 304 N. Y. 110.) Much more than a faint glimpse of the testator’s intention to make a per stirpes distribution instead of a per capita distribution can be gleaned from a reading of this will. In both the First article and the Second article of his will, the testator himself made an exact per stirpes distribution. In the First article of his will he divided his trust estate in 10 equal parts and gave two of such parts to each of his four living children and the other two of such parts to the two children of a deceased daughter. In article Second of his will he divided his estate into five equal parts and gave four of such parts to his living children and directed that the fifth part be held in trust for the benefit of his two grandchildren, daughters of his deceased daughter.
The testamentary plan of the testator is thus disclosed and the court rules therefore, that the distribution of the remainders of both trusts is to be made per stirpes to the issue of Mary Helen Gilpin.
Submit decrees construing the will and settling the accounts of the trustees accordingly.