Maximilian Moss, S.
Incidental to the judicial settlement of the final account of the surviving trustee, the latter seeks a construction of paragraph “ fourth ” of the will.
At the time of the execution of her will on June 16,1927 and at the time of death on January 31, 1933, testatrix was a widow. By paragraph “ fourth ” of her will, testatrix created a trust of her residuary estate for the lifetime of her two sisters, Sadie *301 Schratwieser and Mary A. Meekle, and directed that upon the death of either one of her sisters the ‘1 whole income ’ ’ was to be paid to the surviving sister during her lifetime. By subdivision ‘£ B ” of said paragraph, testatrix provided: ‘ ‘ Upon the death of my said sisters to divide the whole of my said Estate and property into two equal parts and one of such equal parts, I give, devise and bequeath to the children then living of my said sister Sadie Schratwieser, to be divided equally between them and the other equal part, I give, devise and bequeath to the children of my said sister Mary A. Meekle, living at the time of her decease ’ ’.
Testatrix’ sister Mary A. Meekle died on April 10, 1937 survived by her only issue, Marjorie M. Feeney, petitioner herein. The court determines that said Marjorie M. Feeney is entitled to take one half of the corpus of said trust pursuant to the provisions of said subdivision “ B ” of paragraph “ fourth ” of the will.
Testatrix’ sister Sadie Schratwieser, the other income life beneficiary under said trust, died September 17,1960 survived by a son, Philip Schratwieser, and a number of grandchildren who are the issue of Theodore and Edward Schratwieser, two predeceased sons of said income life beneficiary. The question presented is whether testatrix intended distribution of the remainder of one half of said trust to be made to the surviving child or children of Sadie Schratwieser to the exclusion of Sadie’s grandchildren, or whether testatrix intended that such grandchildren were to share in such distribution.
The will creates a primary trust for the life of each of testatrix’ two sisters and upon their death the remainder is to be divided into two equal parts and distributed to the children of testatrix’ sisters “ then living ” or “ living at the time ” of their decease to be “ divided equally between them ’ ’. It would appear from the language used that the children who were to share in the trust estate were the immediate offspring of testatrix’ two sisters living at the time of distribution (Matter of Gautier, 3 N Y 2d 502; Matter of Villalonga, 6 N Y 2d 477, 480; Matter of Barnes, 286 App. Div. 346, affd. 2 N Y 2d 787).
The court determines that testatrix intended that the children respectively of Sadie Schratwieser and Mary A. Meekle who were living at the time of their respective deaths were to share equally in the respective one half of the trust remainders created under the will. The trusts having terminated by the death of testatrix’ sisters, the court determines that the only persons entitled to share in the respective remainders are the surviving *302 children of testatrix’ sisters, namely, Marjorie M. Feeney and Philip A. Schratwieser. The grandchildren of testatrix’ sister, Sadie Schratwieser, are held to have no interest herein (Matter of Villalonga, supra; Matter of Barnes, supra).