Latjbexce D. Wood, S.
Testatrix, Alice M. Gaheen, died a resident of the City of Syracuse, New York, on November 9, 1956, and letters testamentary were issued to petitioner on November 20, 1956 upon admission to probate of the last will and testament of Alice M. Gaheen, dated October 14,1937.
In order to complete and settle his final account, petitioner seeks a construction of the clause of decedent’s will numbered “Fourth” so that he may determine the number of persons to whom distribution of the remainder, upon termination of a life estate of the income with power of invasion for comfortable support and maintenance, may be made. All interested parties have waived service of citation.
The “ Fourth ” paragraph or clause is as follows: “ I give, devise and bequeath all the rest, residue and remainder of my property, whether real or personal and wheresoever situated to my sister Eliza Gaheen Doyle for her use during her lifetime, and in case the income therefrom is insufficient for her comfortable support and maintenance, to use so much of the principal in addition to the income as may be necessary for that purpose, and upon her death all the property then remaining I give, devise and bequeath to my niece Marjorie Doyle Olney, my niece Mary Isabelle Brust, my nephew Erwin W. Doyle, my nephew Lawrence P. Gaheen, or the survivors of them at the time of my said sister’s death, share and share alike. ”
The other pertinent facts set forth in the petition are that Eliza Gaheen Doyle, the life tenant, died March 16, 1961, and that one of the named remaindermen Erwin W. (William) Doyle survived testatrix but died a resident of the State of Florida, November 7,1960, prior to the death of the life tenant.
According to the petition, the last will and testament of Erwin W. (William) Doyle was admitted to probate by the County Judge of Pinellas County, Florida, on May 17, 1961, the order of probate providing that no letters testamentary were issued, since, according to the petition herein, the estate was one upon which Florida law required no administration. The Florida order further provided that the widow receive the entire estate without administration and that all assets of the estate be delivered or paid over to Ruth A. Doyle, surviving widow of Erwin W. Doyle.
*786 At the time of the death of the life tenant or user under the will, of the four named remaindermen or residuary legatees there were living the following three persons: Marjorie Doyle Olney, Mary Isabelle Brust and Lawrence P. G-aheen.
Petitioner seeks a construction as to whether the residuary estate is to be divided solely between the three surviving remaindermen or whether Ruth S. Doyle may participate as sole legatee (or the Florida equivalent thereof as above set forth) of the estate of Erwin W. (William) Doyle, the remainderman who .survived the testatrix but predeceased the life beneficiary.
The testatrix’s intention as gathered from the will is, of course, controlling and in seeking it, we must give to her words their natural and ordinary meaning. Here testatrix stated, after providing for life use of the income by her sister and in the event that the income should be insufficient for her comfortable support and maintenance, for the use of so much of the principal in addition to the income as might be necessary for that purpose, that upon death of the life tenant “ all the property then remaining she gave, devised and bequeathed to my niece, Marjorie Doyle Olney, my niece, Mary Isabelle Brust, my nephew Erwin W. Doyle, my nephew, Lawrence P. Gaheen, or the survivors of them at the time of my said sister’s death, share and share alike ”.
The testatrix thus indicated a clear-cut intention to postpone the vesting until termination of the life estate, and created remainder interests in the residue contingent upon survival of the life beneficiary by the named nephews and nieces.
The Court of Appeals in construing a survivorship situation has recently said: “As cases very like the present demonstrate, absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death ‘ only in the case of an absolute devise or bequest to one and in the case of his death to another ’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” (Matter of Gautier, 3 N Y 2d 502, 508 [1957], revg. 3 A D 2d 750.)
In another case a testator gave all his real estate in trust to his widow for her support and that of their children, together with a power of sale, appointed her executrix and further provided: 1 ‘ Whatever may remain of my real estate at the date of the death of my wife, or whatever may then remain of the proceeds thereof, in case said real estate shall be sold, shall, at the date of the death of my wife, pass to and become the property of my then surviving children in equal shares ”. *787 There one of two sons survived the testator and predeceased the widow, leaving a wife and four children. The Court of Appeals affirmed the courts below in holding that the remaining son surviving the widow took all, to the exclusion of the estate, heirs, or next of kin of the son who survived testator, but predeceased the life beneficiary. (Matter of Barnes, 286 App. Div. 346, affd. 2 N Y 2d 787.)
The residuary estate should be divided equally between the three named remaindermen who survived the life tenant.